UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES,

    Plaintiff,

v.

PATRICIA BARNHART, ET AL.,

    Defendants.

_____/

Case No. 10-12114

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

### ORDER ADOPTING REPORT AND RECOMMENDATION [35] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [19]

Before the Court is Defendants' Motion for Summary Judgment [19], filed on November 8, 2010. On September 13, 2011, Magistrate Judge Komives issued a Report and Recommendation [35] recommending that Defendants' motion be GRANTED. Plaintiff filed an Objection [40]. Defendants did not file a response.

This case concerns Plaintiff John W. Jones' allegations that the Defendants denied him access to medical care in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff also contends that Defendants violated the Americans with Disabilities Act ("ADA") by confining him to his cell and denying him an escape route out of the cell block in the case of a fire or an emergency situation.

Defendants respond, first, that they were not deliberately indifferent to Plaintiff's medical needs. Second, they argue that, as the Plaintiff has brought suit against the Defendant correctional officers in their individual capacities, they are entitled to qualified immunity. Third, Defendants argue that Plaintiff's ADA claims fail because the ADA does not impose liability on individual Defendants

.

The Magistrate Judge agreed with Defendants arguments that they were not deliberately indifferent to Plaintiff's medical needs, and also found that the ADA did not permit individual liability. Because the Magistrate Judge determined that Defendants were not deliberately indifferent to Plaintiff's medical needs, the Magistrate Judge did not reach the issue of qualified immunity.

Plaintiff objected generally to the Magistrate Judge's R&R, arguing that Defendants were deliberately indifferent to his medical needs, and that they were not entitled to qualified immunity. Plaintiff appears to concede in paragraphs 21 and 22 of his objection that the ADA does not impose individual liability.

**Factual Background**

The Court adopts the detailed discussion of the factual background provide by the Magistrate Judge.

**Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)©.

**Analysis**

In his objection Plaintiff repeats his argument that Defendants Burton, Rewerts, and Wilson were deliberately indifferent to his serious medical needs. The Magistrate Judge, in his R&R, assumed for the purpose of argument that Plaintiff's medical needs were serious; the Court will also proceed under this assumption.

In his objection, the Plaintiff draws the Court's attention to a grievance form, apparently received on October 21, 2009, in which Plaintiff states that he complained to Defendant Burton about his medical needs on October 9, 2009. In the grievance form, Plaintiff complains that he was unable to attend a "lab call-out" and a dental appointment. The Plaintiff argues that this establishes that, at

the very least, Defendant Burton was aware of Plaintiff's medical needs. The Court notes that said grievance was filed on October 15, 2009 (the form itself has the date listed as "9/15/09," but given that the Plaintiff in the grievance form is claiming to have spoken to Defendant Burton in October, the Court will assume the grievance was filed in October). In the grievance, Plaintiff complains that because of his location in Auburn Unit, he was unable to attend a "Lab work callout for 9/14/09" and a "Dental appointment on 10/1/09." The Court notes that, purely from Plaintiff's grievance, it is unlikely that Defendants would have been aware of Plaintiff's medical needs; further, Plaintiff's grievance was not received until October 22, 2009.

The Court find that Defendants were not deliberately indifferent to Plaintiff's medical needs. As the Magistrate Judge noted in his R&R, Plaintiff apparently did not say anything about his medical needs to Defendants Burton, Wilson, or Rewerts because he felt he had the right to "retain privacy of his medical conditions, from non-medical person[nel]." This is undoubtedly true, but also undermines Plaintiff's argument that Defendants Burton, Wilson and Rewerts had sufficient knowledge of his medical needs to be indifferent to said needs. Plaintiff's argument that medical personnel should have investigated why Plaintiff did not attend his appointments may be valid, but does not apply to Defendants Burton, Wilson, or Rewerts, who were not medical personnel. Plaintiff presents no evidence that said Defendants knew of Plaintiff's specific medical issues prior to October 21, 2009, when Plaintiff's grievance form was received. Plaintiff also sent a kite regarding his pain on October 22, 2009.

Plaintiff was transferred from Auburn Unit to Cord Unit on October 16, 2009, the day after his grievance was apparently filed. Plaintiff apparently sent a separate kite regarding medical treatment on October 22, 2009, and had an appointment schedule on October 26, 2009. On October 31, 2009, Plaintiff completed a health care request asking that his missed appointment be rescheduled. Said

3

appointment was rescheduled to November 10, 2009, and Plaintiff received a prescription and treatment for his bladder infection.

Thus, prior to October 15, 2009, the Court finds that Defendants Rewerts and Wilson could not have been aware of Plaintiff's medical needs, and were not deliberately indifferent to said needs. Plaintiff claims to have spoken to Defendant Burton about his medical needs on October 9, 2009, a fact disputed by Burton.  Even if true, however, Defendants seem to have been responsive to Plaintiff's needs in October.  Plaintiff was transferred to another cell block unit, and had an appointment scheduled for October 26, 2009.

Plaintiff's argument that healthcare workers should have investigated his failure to appear for appointments does not apply to Defendants Burton, Rewerts, or Wilson; to the extent that Plaintiff argues that non-healthcare Defendants should have investigated his failure to attend appointment, it is unclear that Defendants were aware that Plaintiff had medical appointments.  As noted above, after Plaintiff filed a grievance and/or spoke to Defendant Burton about his missed appointment, he was transferred to another unit and an appointment was made relatively quickly.

Plaintiff's also argues that Defendant Rewerts was responsible for keeping the elevator functioning, and that failure to quickly repair the elevator, combined with an alleged order to remain in the Auburn cell block, constituted deliberate indifference to Plaintiff's medical needs.  The Court finds that there is no evidence that  Defendant Rewerts was aware of Plaintiff's medical needs, and was therefore not deliberately indifferent to said needs.

Plaintiff also objects to the Magistrate Judge's recommendation that the Defendants have qualified immunity from suit in their individual capacity. The Magistrate Judge correctly determined that overcoming qualified immunity requires a constitutional violations; as the Court has determined that Defendants were not deliberately indifferent to Plaintiff's medical needs, no constitutional violation has occurred, and the Court finds that Defendants are entitled to qualified immunity.

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [19] is **GRANTED**.

**SO ORDERED.**

 s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 17, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on January 17, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 17, 2012: **John Jones**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182