UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

       Plaintiff,

                                    CASE NO. 2:10-CV-12114-DT
                                    JUDGE ARTHUR J. TARNOW
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PATRICIA BARNHART,
DEWAYNE BURTON,
THUMB CORRECTIONAL
FACILITY HEALTH CARE,
GERALDINE WILSON and
RANDEE REWERTS,

       Defendants.
                                              /

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S JULY 12, 2012 MOTION FOR DISCOVERY (Doc. Ent. 48) and MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 49)

**I.** **RECOMMENDATION:** The Court should **(a)** enter an order directing the U.S. Marshal to attempt service by mail upon defendant Patricia Barnhart at Bolduc Correctional Facility, 516 Cushing Road, Warren, ME 04864; **(b)** enter an order requiring plaintiff to specify who he intends to sue by naming "Thumb Correctional Facility, health care, et al[,]" Doc. Ent. 1 at 4 ¶ 5, as a defendant; **(c)** deny plaintiff's July 12, 2012 motion for discovery (Doc. Ent. 48) without prejudice; and **(d)** construe plaintiff's July 12, 2012 motion for summary judgment (Doc. Ent. 49) as a Fed. R. Civ. P. 55 motion for entry of default or default judgment and deny it without prejudice.

**II.** **REPORT:**

**A.** **Plaintiff filed this case on May 26, 2010.**

Plaintiff John Jones (#162751) is currently incarcerated at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF).[1]  On May 26, 2010, while incarcerated at TCF, Jones filed this lawsuit against five (5) defendants: Patricia Barnhart, described as the TCF Warden; Dewayne Burton, described as the TCF Acting Deputy Warden (ADW); "Thumb Correctional Facility, health care et al;" Geraldine Wilson, described as the TCF Resident Unit Manager (RUM); and Randee Rewerts, described as an Administrative Officer/Business Manager.  Doc. Ent. 1 at 3-4 ¶¶ 3-7.[2]

**B.     On November 9, 2010, the Court denied without prejudice plaintiff's May and July 2010 requests for the appointment of counsel.**

On November 9, 2010, I entered an order (Doc. Ent. 21) denying without prejudice plaintiff's requests for the appointment of counsel (Doc. Entries 3 and 10).  The order specifically stated that "[p]laintiff may renew his request if this case survives dispositive motion practice and/or proceeds to trial[.]"  Doc. Ent. 21 at 3.

**C.     On January 17, 2012, the Court Granted Defendants Burton, Rewerts and Wilson's Motion for Summary Judgment.**

On September 13, 2011, I entered a report (Doc. Ent. 35) recommending that the Court grant defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19) and renew my March 23, 2011 order (Doc. Ent. 27) regarding service upon defendants Barnhart and TCF Healthcare.

On January 17, 2012, Judge Tarnow entered an order (Doc. Ent. 41) adopting my report and recommendation (Doc. Ent. 35) and granting defendants' Burton, Rewerts and Wilson's

---

[1]*See* www.michigan.gov/corrections, "Offender Search."

[2]The factual background of this case (Doc. Ent. 1 at 4-12 ¶¶ 1-40) is discussed at length in my September 13, 2011 report and recommendation.  *See* Doc. Ent. 35 at 5-11.

motion for summary judgment (Doc. Ent. 19).

On January 31, 2012, plaintiff filed a notice of appeal (Doc. Ent. 42) regarding the Court's January 17, 2012 order (Doc. Ent. 41). *See also* Doc. Ent. 43 (Clerk of the Court's Feb. 1, 2012 Certificate of Service). However, on March 12, 2012, the Sixth Circuit Court of Appeals entered an order (Doc. Ent. 44) dismissing plaintiff's appeal for lack of appellate jurisdiction. *See* 6th Cir. Case No. 12-1123.

**D.    On March 22, 2012, the Court denied without prejudice plaintiff's November 9, 2011 motion for appointment of counsel.**

On March 22, 2012, the Court entered an order (Doc. Ent. 45) denying without prejudice plaintiff's November 9, 2011 motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (Doc. Ent. 39).

This decision was based upon my conclusions that (a) plaintiff had not shown his inability under the Federal Rules of Civil Procedure to obtain the discovery he sought (Doc. Ent. 45 at 3-4); and (b) even though the Court had entered an order (Doc. Ent. 41) granting defendants Burton, Rewerts and Wilson's motion for summary judgment (Doc. Ent. 19), it did not appear that service of process against each of the five (5) defendants named in plaintiff's complaint had been accomplished (Doc. Ent. 45 at 4). In this regard, I referred to my September 13, 2011 recommendation to the Court (Doc. Ent. 35 at 2); noted that defendants Barnhart and TCF Healthcare had yet to appear; and noted that Court was overseeing the service of process upon Barnhart and TCF Health Care by the U.S. Marshal.[3]

**E.    Plaintiff's July 12, 2012 motions are pending.**

---

[3]On May 1, 2012, the Clerk of the Court filed a notice (Doc. Ent. 46) that the filing fee had been paid in full.

**1.** On July 12, 2012, plaintiff filed a document seeking "permission to file his motion for discovery[.]" Doc. Ent. 47. That same day, plaintiff filed a motion for discovery (Doc. Ent. 48), by which he requests affidavits from TCF Assistant Unit Manager Mr. Hohn, TCF Nurse Smith, TCF Corrections Officer Mr. Gooch and TCF Corrections Officer Mrs. Delosh, in each case setting forth the anticipated attestations (Doc. Ent. 48 ¶¶ 1-4 & 5), as well as an order requiring the administration office to turn over a copy of the log book from TCF's Auburn Unit for the period from August 21, 2009 through October 17, 2009 (Doc. Ent. 48 ¶ 5). It is plaintiff's position that "[t]he affidavits from these MDOC employees will show that [defendants] were fully aware of plaintiff's need of medical treatment and failed to act on his request for medical treatment." Doc. Ent. 48 ¶ 6.

**2.** On July 12, 2012, plaintiff Jones filed a motion for summary judgment. Doc. Ent. 49 at 1-4; *see also* Doc. Ent. 49 at 5-7 (Brief), Doc. Ent. 49 at 8 (Verification), Doc. Ent. 49 at 9-10 (Affidavit), Doc. Ent. 49 at 11-29 (Exhibits A-F).

**3.** On July 30, 2012, defendants Burton, Rewert and Wilson filed a response (Doc. Ent. 50) to plaintiff's motion for discovery (Doc. Ent. 48), wherein they argue that "[p]laintiff is not entitled to discovery as there are no active defendants." Doc. Ent. 50 at 4.

**F.     Discussion**

**1.     Despite the Court's effort, remaining defendants Barnhart and TCF Health Care have yet to appear. Still, the Court should enter another order directing the U.S. Marshal to attempt service upon defendants Barnhart and TCF Health Care.**

**a.** On June 17, 2010, the Court entered an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. Doc. Ent. 7. On June 18, 2010, the U.S. Marshal acknowledged receipt of 5 documents for service of process.

Doc. Ent. 8.

On July 1, 2010, the U.S. Marshal attempted service upon each of the five (5) defendants. Burton, Rewerts and Wilson returned executed waivers of service.

Assistant Attorney General Rothermel entered appearances on behalf of Rewerts, Wilson and Burton. Doc. Entries 11 and 14.

**b.** Further efforts toward effecting service upon defendants Barnhart and TCF Health Care have been many. For example, on March 23, 2011, the Court entered an order (Doc. Ent. 27) denying without prejudice plaintiff's motion requesting entering of default judgment (Doc. Ent. 24) and directing the U.S. Marshal to serve defendants Patricia Barnhart and TCF Health Care. Within this order, the Court requested that AAG Rothermel furnish the Marshal with addresses at which defendants Barnhart and TCF Health Care are presently located and may be sent the pleadings requesting a waiver of service. Doc. Ent. 27 at 2.

Then, within my September 13, 2011 report and recommendation (Doc. Ent. 35), I recommended that the Court renew my March 23, 2011 order (Doc. Ent. 27) regarding service upon defendants Barnhart and TCF Healthcare. Doc. Ent. 35 at 2.

On or about January 6, 2012, I attempted to request that the U.S. Marshal serve defendants Barnhart and TCF Health Care. However, on or about January 23, 2012, the Clerk of the Court informed me that a new order and addresses were needed.

In my March 22, 2012 order (Doc. Ent. 45) denying without prejudice plaintiff's November 9, 2011 motion for appointment of counsel (Doc. Ent. 39), I stated that "the Court is currently overseeing the service of process upon Barnhart and TCF Health Care by the U.S. Marshal." Doc. Ent. 45 at 4.

5

Several months later, on November 8, 2012, I entered an order (Doc. Ent. 51) which noted that service of the complaint had not been executed as to defendants Barnhart and TCF Health Care and specifically required that plaintiff provide the court with the correct address of these defendants so that service could again be attempted. Plaintiff was to provide this information to the court in writing no later than DECEMBER 10, 2012 or it would be recommended that the case be dismissed for lack of prosecution.

**c.** By a letter dated December 3, 2012 and filed with the Court on December 5, 2012 (Doc. Ent. 52), plaintiff claims to "have NO idea the [whereabouts] of these defendants." However, he states that Warden Barnhart is no longer at TCF and is now the Warden at Maine Correctional Facility in Maine.[4]

As to TCF Health Care, plaintiff claims that "for the past 25 years [it has] been located at 3225 John Conley Drive[,] Lapeer, Michigan 48446." This is TCF's address. *See* www.michigan.gov/corrections, "Prisons."

Plaintiff Jones submits that Barnhart and TCF Health Care "have waived all of their rights to any affirmative defense for failing to respond to the summons and complaint that was mailed to them by the U.S[.] Marshal." He also asks for the various addresses at which service upon Barnhart and TCF Health Care was attempted, such as the addresses to which the U.S. Marshal attempted service by mail on July 1, 2010; the addresses the U.S. Marshal obtained from AAG Rothermel in response to the Court's March 23, 2011 order (Doc. Ent. 27); and the addresses to which the U.S. Marshal attempted service in response to my January 6, 2012

---

[4]According to the Maine Department of Corrections website, Patricia Barnhart is the Warden at Bolduc Correctional Facility in Warren, ME. *See* http://www.maine.gov/corrections, "Adult Facilities," "Bolduc Correctional Facility."

request.

**d.** Nonetheless, to date, neither Barnhart[5] nor TCF Health Care have appeared in this case. After considering plaintiff's December 2012 filing (Doc. Ent. 52), the Court should enter an order directing the U.S. Marshal to attempt service by mail upon defendant Patricia Barnhart at Bolduc Correctional Facility, 516 Cushing Road, Warren, ME 04864.

**e.** The situation with regard to service upon defendant TCF Health Care is a bit more complex. Here, it is important to note that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). In this regard, plaintiff clearly intends to name "Thumb Correctional Facility, health care et al[,]" as a defendant. *See* Doc. Ent. 1 at 1 (Caption); Doc. Ent. 1 at 4 ¶ 5 (Parties); Doc. Ent. 1 at 12 ¶ 3 (Relief).

However, these descriptions do not make clear whether he intends to name the TCF Health Care department generally[6] or a specific health care individual, such as Nurse Smith, who is mentioned in the body of the complaint (*see* Doc. Ent. 1 ¶ 25)[7] or Nurse Walker, who is mentioned in the preface to a Step I Grievance and within the Step I Grievance Response attached to the complaint (*see* Doc. Ent. 1 at 31, 37 [TCF-09-11-00724-012E]).[8]

---

[5]The docket indicates that the May 17, 2011 motion for extension (Doc. Ent. 31) and the June 3, 2011 sealed exhibit (Doc. Ent. 34) were filed on Barnhart's behalf. However, this report assumes that this was a clerical error.

[6]*See* Doc. Ent. 1 at 27 (memorandum from "Health Care Staff"); Doc. Ent. 1 at 31 (Grievance TCF-00724 filed against TCF Health Care).

[7]*See also* Doc. Ent. 25 ¶ 9, Doc. Ent. 48 ¶ 2

[8]*See also* Doc. Ent. 1 at 24 (the September 28, 2009 signer of Health Care Request Instructions to Prisoner regarding his September 27, 2009 dental kite), Doc. Ent. 1 at 31, 32, 34 & 37 (signers of responses to Grievance TCF-09-11-00724-012E: Nurses Todd Durnan and Charles Mangus, Karen Peters [Health Unit Manager]), Doc. Ent. 1 at 39 (Claire G. June, R.T., No Show Summary), Doc. Ent. 1 at 41 (P.A. Mass [Diagnostic Testing Result Notification]),

Furthermore, there remain the possibilities that plaintiff is naming a contractor[9] and/or its employee(s) and/or the MDOC, its Bureau of Health Care Services (BHCS) and/or its employee(s).  To the extent plaintiff Jones is attempting to sue the State of Michigan or one of its departments, such as the MDOC or its BHCS, "[p]laintiff may not maintain a § 1983 action against the MDOC Bureau of Health Care, the MPB [Michigan Parole Board], the MSP [Michigan State Police], and the MDCR [Michigan Department of Civil Rights].  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute."  *Simon v. Trieweller*, No. 1:12-cv-1184, 2013 WL 164214, 2 (W.D. Mich. Jan. 15, 2013); *see also Albert v. Bureau of Health Care Services*, No. 08-13884, 2009 WL 2591627, 5 (E.D. Mich. Aug. 19, 2009) ("because the Bureau of Health Care Services, Mid–Michigan Correctional Facility, and

---

Doc. Ent. 1 at 45 (the R.N. who, on October 26, 2009, signed the Health Care Request Instructions to Prisoner regarding his October 22, 2009 kite regarding a bladder infection), Doc. Ent. 1 at 47 (Joseph R. Burtch, M.D. [MDOC Special Accommodation Notice]).

[9]The MDOC's Policy Directive on Health Services contains a section titled, "Organization."  *See* MDOC PD 03.04.100, effective December 29, 2010, ¶¶ K-O.  Within this section, it states that "[h]ealth care services may be delivered directly by BHCS or through a health care network provider."  *Id*. ¶ L.
   Therefore, depending on the timing of the MDOC's contracts with providers of health care services, plaintiff Jones may be intending to name Correctional Medical Services, Inc. (CMS), PHS Correctional Healthcare, Inc. (PHS) or Corizon and/or its employee(s).
   If the Court determines that plaintiff Jones intends to name a contractor, its order directing service should direct the U.S. Marshal to attempt service upon Corizon at its Headquarters (105 Westpark Drive, Suite 200, Brentwood, TN 37027); its Operational Headquarters (12647 Olive Boulevard, St. Louis, Missouri 63141) or at its Michigan Regional Office (6452 Millennium Drive, Suite 100, Lansing, Michigan 48917).  *See* www.corizonhealth.com.

Macomb Correctional Facility are entities within the MDOC, they too are entitled to Eleventh Amendment immunity.") (Taylor, J., accepting report and recommendation of Komives, M.J.).

Furthermore, to the extent plaintiff Jones is attempting to sue a contractor such as CMS or PHS or Corizon, "[a] private entity employed by the state to provide medical services to its prison inmates may be sued under §1983 as one acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 54 (1988). However, CMS, PHS or Corizon cannot be held vicariously liable under 42 U.S.C. §1983 for the conduct of its agents on the basis of *respondeat superior*. For example, "CMS, although clearly a state actor and therefore a proper party to this § 1983 action, cannot be held vicariously liable for the actions of its agents, []on a respondeat superior basis. Hence, CMS's liability must also be premised on some policy that caused a deprivation of [Plaintiff's] Eighth Amendment rights." *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001) (internal citation omitted) (on appeal from entry of summary judgment for defendants). *See also Cooper v. Shelby County Justice Center*, No. 99-6365, 2000 WL 924604, \*\*2 (6th Cir. June 26, 2000) (unpublished) ("Cooper's claims against Shelby County, the City of Memphis, CMS, Gilless, Rodgers, and Harper are frivolous because they are based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions."); *Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Holmes v. Overton*, No. 5:03-CV-88, 2006 WL 2795459, \*5 (W.D. Mich. Sept. 27, 2006) (Edgar, J. adopting and accepting report and recommendation of Greeley, M.J.).

Therefore, the Court should enter an order requiring plaintiff to specify who he intends to sue by naming "Thumb Correctional Facility, health care et al[,]" Doc. Ent. 1 at 4 ¶ 5, as a defendant. In other words, plaintiff should be required to identify the individual(s) and/or the

9

contractor(s) he intends to sue. Until the Court receives clarification on the defendant(s) intended by "TCF, health care, et al[,]" the Court will continue to have difficulty in assisting the U.S. Marshal with its efforts to effect service upon this defendant.

**2.     The Court should deny plaintiff's July 12, 2012 motion for discovery (Doc. Ent. 48) without prejudice.**

By the time plaintiff filed his July 12, 2012 motion for discovery (Doc. Ent. 48), the Court had already entered its January 17, 2012 order (Doc. Ent. 41) granting defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19). In his January 17, 2012 order, Judge Tarnow found that defendants were not deliberately indifferent to plaintiff's medical needs. Doc. Ent. 41 at 3-4.

Furthermore, neither of the remaining defendants - Barnhart and TCF Health Care - has appeared. In response to plaintiff's discovery motion, defendants Burton, Rewerts and Wilson basically argue that plaintiff is not entitled to discovery, because "there are no active defendants[.]" Doc. Ent. 50 at 2, 4.

Upon consideration, the Court should deny plaintiff's July 12, 2012 motion for discovery (Doc. Ent. 48) without prejudice to refiling his request in accordance with Fed. Rules Civ. P. 26-37 if and when defendants Barnhart and TCF Health Care have been served.

**3.     The Court should construe plaintiff's July 12, 2012 motion for summary judgment (Doc. Ent. 49) as a Fed. R. Civ. P. 55 motion for entry of default or default judgment and, so construed, should deny it without prejudice.**

**a.**     In his motion brief (Doc. Ent. 49 at 5-7), plaintiff describes an April 16, 2012 phone conversation between plaintiff and Assistant Attorney General Cori E. Barkman, during which AAG Barkman allegedly strongly suggested that plaintiff agree to drop his lawsuit against Barnhart and TCF Health Care, et al., reasoning that the Court would grant these defendants

10

immunity because they did not know of plaintiff's medical needs. Doc. Ent. 49 at 5-6 ¶ 1.

Then, citing the December 8, 2009 Step I grievance response in TCF-09-11-00724-12E (Doc. Ent. 49 at 12), plaintiff claims that Barnhart and TCF Health Care "were fully aware that the plaintiff needed medical treatment." Doc. Ent. 49 ¶ 2. Citing Paula J. Mass, P.A.'s notes from August 19, 2009 and September 4, 2009 (Doc. Ent. 49 at 14-16), plaintiff claims that he was being treated for a bladder infection from August 19, 2009 through August 29, 2009. Doc. Ent. 49 ¶ 3. Then, citing Claire G. June, RT's September 16, 2009 notes (Doc. Ent. 49 at 18),[10] plaintiff contends that he missed that day's health care appointment, because "the elevator [was] not working [and] the plaintiff was not allowed to leave the unit[.]" Doc. Ent. 49 ¶ 4. Citing P.A. Mass's notes from November 10, 2009 (Doc. Ent. 49 at 20-22),[11] plaintiff claims "[t]he defendants in this case violated plaintiff's constitutional rights by denying him medical treatment while plaintiff was suffering with a bladder infection . . . as well as a diseased tooth that had to be removed[,]" and "[p]laintiff was denied access to health care for medical treatment." Doc. Ent. 49 ¶ 5. Citing P.A. Mass's notes from November 16, 2009 (Doc. Ent. 49 at 24-25),[12] plaintiff claims his bladder infection had worsened. Doc. Ent. 49 at 6 ¶ 6.

Also, plaintiff provides copies of his September 27, 2009 Health Care Request (dental kite); his daily schedule for October 1, 2009, which lists a dental appointment; and a summary

---

[10]The September 16, 2009 MDOC Now Show Summary completed by June lists the reason for plaintiff's no show as he was "[t]old by his ARUS, RUM, and the Warden not [to] leave his unit, unless it was an emergency." Doc. Ent. 49 at 18.

[11]During this visit, P.A. Mass prescribed Ciprofloxacin Hcl from November 10, 2009 to November 25, 2009. Doc. Ent. 49 at 21-22.

[12]During this visit, P.A. Mass prescribed Amoxicillin Trihydrate from November 16, 2009 to November 26, 2009. Doc. Ent. 49 at 25.

11

report which describes plaintiff's November 19, 2009 and November 23, 2009 appointments with Bobby Echols, D.D.S. Doc. Ent. 49 at 27-29. According to plaintiff, he was "denied access to the dentist for a diseased tooth that had to be removed[,]" and which "could have been saved if he had not been denied access to health care in a timely manner." He claims to have "suffered for about 60 days before he received medical treatment . . . [f]or the bladder infection, and the diseased tooth." Doc. Ent. 49 ¶ 7.

**b.** Within his motion (Doc. Ent. 49 at 2-4), plaintiff contends that "the two remaining defendants Patricia Barnhart . . . and [TCF] health care et al.[,] never responded to the summons and complaint that was mailed to them by the U.S. Marshal." Doc. Ent. 49 ¶ 6. Plaintiff points out that it has been "approximately two years now and the defendants have failed to defend themselves against plaintiff's summons and complaint of May 26, 2010." Doc. Ent. 49 ¶ 7; *see also* Doc. Ent. 49 at 7 ¶¶ 8-9.

At the conclusion of his motion brief (Doc. Ent. 49 at 5-7), plaintiff requests that the Court enter an order granting summary judgment in favor of the plaintiff and permit this case "to continue towards trial as a matter of law." Doc. Ent. 49 at 7.

**c.** Plaintiff also provides his July 11, 2012 affidavit (Doc. Ent. 49 at 9-10). Here, he contends that "[t]he denial of improper treatment by the prison personnel caused plaintiff great pain and suffering for approximately 60 days before receiving medical treatment." Doc. Ent. 49 at 10 ¶ 5.

**d.** The Court should construe plaintiff's July 12, 2012 motion for summary judgment (Doc. Ent. 49) as a Fed. R. Civ. P. 55 motion for entry of default or default judgment, because the motion is based upon the two remaining defendants' (Barnhart and TCF Health Care, et al.)

failure to respond to the summons and complaint.  Doc. Ent. 49 at 3-4 ¶¶ 6-7.  So construed, the Court should deny it without prejudice, because, for the reasons discussed above, it is not clear that service upon these two defendants has been properly effected.  Plaintiff could then renew his request for entry of default or default judgment in the event the remaining defendants are served and fail "to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a) ("Entering a Default.").

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Paul J. Komives  
                                          PAUL J. KOMIVES  
                                          UNITED STATES MAGISTRATE JUDGE

Dated: 2/6/13

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on February 6, 2013.

                          s/Eddrey Butts  
                          Case Manager