UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

    Plaintiff,

                         CASE NO. 2:10-CV-12114
                         JUDGE ARTHUR J. TARNOW
                         MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PATRICIA BARNHART and
PAULA MASS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT BARNHART'S
DECEMBER 3, 2013 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 63)**

**I.    RECOMMENDATION:** The Court should deny defendant Barnhart's December 3, 2013 motion for summary judgment (Doc. Ent. 63).  Furthermore, because defendant Mass has yet to appear, the Court should enter another order requiring the MDOC to provide certain information and directing the U.S. Marshal to attempt service upon defendant Mass.

**II.    REPORT:**

**A.    Plaintiff filed this case on May 26, 2010.**

Plaintiff John Jones (#162751) is currently incarcerated at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF).[1]  On May 26, 2010, while incarcerated at TCF, Jones filed this prisoner civil rights lawsuit pro se against five (5) defendants: Patricia Barnhart, described as the TCF Warden; Dewayne Burton, described as the TCF Acting Deputy Warden (ADW); "Thumb Correctional Facility, health care et al;" Geraldine

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

Wilson, described as the TCF Resident Unit Manager (RUM); and Randee Rewerts, described as an Administrative Officer/Business Manager. Doc. Ent. 1 at 3-4 ¶¶ 3-7.[2]

**B.     On January 17, 2012, the Court Granted Defendants Burton, Rewerts and Wilson's November 8, 2010 Motion for Summary Judgment.[3]**

On September 13, 2011, I entered a report (Doc. Ent. 35) recommending that the Court grant defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19) and renew my March 23, 2011 order (Doc. Ent. 27) regarding service upon defendants Barnhart and TCF Healthcare.

On January 17, 2012, Judge Tarnow entered an order (Doc. Ent. 41) adopting my report and recommendation (Doc. Ent. 35) and granting defendants' Burton, Rewerts and Wilson's motion for summary judgment (Doc. Ent. 19).

On January 31, 2012, plaintiff filed a notice of appeal (Doc. Ent. 42) regarding the Court's January 17, 2012 order (Doc. Ent. 41). *See also* Doc. Ent. 43 (Clerk of the Court's Feb. 1, 2012 Certificate of Service). However, on March 12, 2012, the Sixth Circuit Court of Appeals entered an order (Doc. Ent. 44) dismissing plaintiff's appeal for lack of appellate jurisdiction. *See* 6th Cir. Case No. 12-1123.[4]

**C.     On August 22, 2013, the Court Denied Plaintiff's July 12, 2012 Motion for Summary**

---

[2]The factual background of this case (Doc. Ent. 1 at 4-12 ¶¶ 1-40) is discussed at length in my September 13, 2011 report and recommendation. *See* Doc. Ent. 35 at 5-11.

[3]On June 17, 2010, Magistrate Judge Whalen entered an order (Doc. Ent. 7) directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. The following day, on June 18, 2010, the U.S. Marshal acknowledged receipt of five (5) copies of the complaint for service of process. Doc. Ent. 8. During July and September 2010, appearances of counsel were entered on behalf of defendants Rewerts, Wilson and Burton. Doc. Entries 11 and 14.

[4]On May 1, 2012, the Clerk of the Court filed a notice (Doc. Ent. 46) that the filing fee had been paid in full.

**Judgment.**

On February 6, 2013, I entered a report (Doc. Ent. 53) recommending that the Court (a) enter an order directing the U.S. Marshal to attempt service by mail upon defendant Patricia Barnhart at Bolduc Correctional Facility, 516 Cushing Road, Warren, ME 04864; (b) enter an order requiring plaintiff to specify who he intends to sue by naming "Thumb Correctional Facility, health care, et al[,]" Doc. Ent. 1 at 4 ¶ 5, as a defendant; (c) deny plaintiff's July 12, 2012 motion for discovery (Doc. Ent. 48) without prejudice; and (d) construe plaintiff's July 12, 2012 motion for summary judgment (Doc. Ent. 49) as a Fed. R. Civ. P. 55 motion for entry of default or default judgment and deny it without prejudice.

On August 22, 2013, Judge Tarnow entered an order (Doc. Ent. 57) order adopting report and recommendation (Doc. Ent. 53) and denying motions for discovery (Doc. Ent. 48) and summary judgment (Doc. Ent. 49) without prejudice.

**D.     An Amended Complaint Naming Two (2) Defendants (Barnhart and Mass) Was Filed on August 22, 2013.[5]**

Plaintiff's first amended complaint, filed on August 22, 2013, names Patricia Barnhart and Paula Mass as defendants. Doc. Ent. 59 at 1, 9. In the statement of facts, plaintiff alleges he is a paraplegic and that, during the week of August 17, 2009, the elevator in his unit (Auburn B) broke down. Later, on October 16, 2009, plaintiff was moved to another unit (Cord A), where the elevator was working properly. In a general sense, plaintiff claims that these circumstances interfered with his treatment for a bladder infection and toothache. Doc. Ent. 59 at 3-4.

---

[5]"[A]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008). Thus, the August 22, 2013 filing of the amended complaint against Barnhart and Mass (*see* Doc. Ent. 59 at 1, 9) terminated TCF Health Care as a defendant.

3

Within his statement of claims, plaintiff mentions MDOC Grievance Identifiers TCF-09-10-07010-3b and TCF-09-11-00724–12e. He also mentions the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act (ADA). Among other things, plaintiff asserts that "[d]efendants violated his [c]onstitutional rights and [s]tate and [f]ederal law by denying him access to needed medical and dental services, and by denying him assistance to exit the building in case of a fire during a fire drill." Doc. Ent. 59 at 5-7.

To date, only Barnhart has appeared.

**E.     On December 3, 2013, defendant Barnhart Filed a Motion for Summary Judgment.**

**1.**     On December 3, 2013, defendant Barnhart filed a motion for summary judgment. Doc. Ent. 63. Citing Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 56(b), Barnhart asks the Court to dismiss plaintiff's complaint and grant summary judgment in Barnhart's favor.

Specifically, defendant Barnhart states that Jones's complaint fails for the same reasons set forth in defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19). Thus, Barnhart "adopts and incorporates by reference that motion and brief." Doc. Ent. 63 at 4.

**2.**     On December 10, 2013, plaintiff filed a request (Doc. Ent. 64) for an enlargement of time within which to respond to defendant Barnhart's dispositive motion (Doc. Ent. 63). On December 16, 2013, I entered an order (Doc. Ent. 65) requiring a response to be filed on or before February 3, 2014.

**3.**     Plaintiff filed his response on January 30, 2014. Doc. Ent. 67. Therein, plaintiff adopts and incorporates by reference his December 14, 2010 response (Doc. Ent. 25). Furthermore,

citing Fed. R. Civ. P. 56(c)(1), plaintiff contends that Barnhart "has failed to support her motion with any factional evidence."

**F.     The Court should deny defendant Barnhart's December 3, 2013 motion for summary judgment.**

**1.     This Court's January 17, 2012 dismissal of defendants Burton, Rewerts and Wilson was based upon their November 8, 2010 challenge to plaintiff's May 26, 2010 complaint.** As noted above, plaintiff's original May 26, 2010 complaint (Doc. Ent. 1 at 1-13) was filed against five (5) defendants: Barnhart, Burton, TCF Health Care, Wilson and Rewerts. Doc. Ent. 1 ¶¶ 3-7. The facts underlying the original complaint are set forth in forty (40) numbered paragraphs. Doc. Ent. 1 at 4-12 ¶¶ 1-40.[6]

Defendants Burton, Rewerts and Wilson brought their November 8, 2010 motion for summary judgment pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 56(b) and argued that (I) "Plaintiff's claims, even if true, do not amount to an Eighth Amendment violation[;]" Doc. Ent. 19 at 9-14; (II) "There is no individual liability under the American with Disabilities Act; therefore, Defendants are entitled to summary disposition[,]" Doc. Ent. 19 at 14; and (III) "Defendants are entitled to qualified immunity because Plaintiff has not shown that Defendants violated any clearly established federal statutory or constitutional right[,]" Doc. Ent. 19 at 14-

---

[6]*See also* Doc. Ent. 1 at 14-20, 21-22 (TCF-09-10-07010-3b); Doc. Ent. 1 at 23-25 (plaintiff's September 27, 2009 MDOC Health Care Request and his TCF October 1, 2009 Offender Daily Schedule); Doc. Ent. 1 at 26-27 (Health Care Staff's notice of plaintiff's September 14, 2009 call out for a lab test); Doc. Ent. 1 at 28-29 (portions of MDOC PD 04.03.120 ("Fire Safety"); Doc. Ent. 1 at 30-35, 36-37 (TCF-09-11-00724-12e); Doc. Ent. 1 at 38-39 (plaintiff's MDOC No Show Summary dated September 16, 2009); Doc. Ent. 1 at 40-41 (plaintiff's MDOC Diagnostic Testing Result Notification dated September 4, 2009); Doc. Ent. 1 at 42-43 (a photocopy of information regarding Dental Abscesses); Doc. Ent. 1 at 44-45 (plaintiff's October 22, 2009 MDOC Health Care Request); and Doc. Ent. 1 at 46-47 (plaintiff's MDOC Special Accommodation Notice dated October 9, 2008).

16.[7]

Plaintiff filed a response on December 14, 2010 (Doc. Ent. 25).[8]

Plaintiff's May 26, 2010 complaint (Doc. Ent. 1), defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19), plaintiff's December 14, 2010 response (Doc. Ent. 25) and plaintiff's sealed medical records filed on June 3, 2011 (Doc. Ent. 34) were among the matters that informed my September 13, 2011 report and recommendation (Doc. Ent. 35). It follows that these matters also informed Judge Tarnow's January 17, 2012 order (Doc. Ent. 41), which adopted my report and recommendation (Doc. Ent. 35) and granted defendants' Burton, Rewerts and Wilson's motion for summary judgment (Doc. Ent. 19).

**2. Any dismissal of defendant Barnhart should be based upon a challenge to plaintiff's August 22, 2013 amended complaint, which superceded the May 26, 2010 original complaint.** "[A]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008). Plaintiff's August 22, 2013 amended prisoner civil rights complaint (Doc. Ent. 59 at 1-9) is filed against two (2) defendants: Barnhart and Mass. Doc. Ent. 1, 9. The substance of the amended complaint is set forth in a statement of

---

[7]Among the attachments to this motion were the affidavit of Geraldine Wilson (Doc. Ent. 19-3), the affidavit of Arlinda Hopkins (Doc. Ent. 19-4), the affidavit of Randee Rewerts (Doc. Ent. 19-5), and the affidavit of Dewayne Burton (Doc. Ent. 19-6). The record also contains, under seal, plaintiff's medical records. Doc. Ent. 34.

[8]The attachments to plaintiff's December 14, 2010 response (Doc. Ent. 25 at 1-8) included the Step I grievance response to TCF-09-11-0724-12e (Doc. Ent. 25 at 9-10), portions of MDOC PD 03.04.100 ("Health Services") (Doc. Ent. 25 at 11-13, 16-18) and plaintiff's November 2009 prescriptions for Amoxicillin and Ciprofloxacin (Doc. Ent. 25 at 14-15).

facts (Doc. Ent. 59 at 3-4), as well as a statement of claims (Doc. Ent. 59 at 5-7).[9]

Defendant Barnhart waived service on or about November 12, 2013. *See* Doc. Entries 62 & 66. At that time, the "active" complaint was the amended complaint. Thus, any dismissal of defendant Barnhart should be based upon a challenge to plaintiff's August 22, 2013 amended complaint.

**3.    Defendant Barnhart has not shown her entitlement to the dismissal of plaintiff's claims against her or to the entry of summary judgment in her favor with regard to plaintiff's August 22, 2013 amended complaint (Doc. Ent. 59).** First, Barnhart's instant December 3, 2013 motion (Doc. Ent. 63) rests upon the arguments posed in defendants Burton, Rewerts and Wilson's November 8, 2010 motion for summary judgment (Doc. Ent. 19). Such arguments would concern the claims presented in plaintiff's original May 26, 2010 complaint (Doc. Ent. 1).

Second, whatever similarities exist in the substance of plaintiff's May 26, 2010 original (Doc. Ent. 1 at 4-14) and August 22, 2013 amended (Doc. Ent. 59 at 3-8) complaints, Burton, Rewerts and Wilson's November 8, 2010 dispositive motion (Doc. Ent. 19) does not address plaintiff's claims against Barnhart. By way of background, each of the complaints names Patricia Barnhart as a defendant. *Compare* Doc. Ent. 1 ¶ 3, Doc. Ent. 59 at 1. Understandably, defendants Burton, Rewerts and Wilson's November 8, 2010 dispositive motion (Doc. Ent. 19) does not mention Barnhart, except in each of the case captions. *See* Doc. Ent. 19 at 1, 3. Thus,

---

[9]*See also* Doc. Ent. 59 at 10 (Table of Exhibits); Doc. Ent. 59 at 11-18 (TCF-09-10-07010-3b); Doc. Ent. 59 at 19-25 (TCF-09-11-00724-12e); Doc. Ent. 59 at 26-27 (plaintiff's TCF October 1, 2009 Offender Daily Schedule); and Doc. Ent. 59 at 28-29, 30-32 (portions of MDOC PD 04.03.120 ("Fire Safety")).

defendant Barnhart's December 3, 2013 (Doc. Ent. 63) adoption and incorporation by reference of defendants Burton, Rewerts and Wilson's November 8, 2010 motion and brief (Doc. Ent. 19) does nothing to address plaintiff's claims against Barnhart.

Third, Barnhart's December 3, 2013 motion for summary judgment (Doc. Ent. 63) itself offers nothing to support her entitlement to dismissal or summary judgment. For example, Burton, Rewerts and Wilson's November 8, 2010 dispositive motion (Doc. Ent. 19) had attached the affidavits of Wilson (Doc. Ent. 19-3), Rewerts (Doc. Ent. 19-5) and Burton (Doc. Ent. 19-6), and their analysis as to the subjective component of an Eighth Amendment claim relied, in part, upon their affidavits (*see* Doc. Ent. 19 at 13-14). In turn, my September 13, 2011 report and recommendation (Doc. Ent. 35) relied upon these affidavits in concluding that "Defendants Burton, Rewerts and Wilson are entitled to summary judgment on plaintiff's Eighth Amendment claims against them." Doc. Ent. 35 at 14-33. Specifically, with respect to the toothache, I cited these affidavits in stating, "the Court should conclude that defendants Burton, Rewerts and Wilson were not deliberately indifferent to plaintiff's toothache / abscessed tooth." Doc. Ent. 35 at 27-28. I also cited these affidavits in discussing why "[t]he Court should conclude that defendants Burton, Rewerts and Wilson were not deliberately indifferent to plaintiff's bladder or urinary tract infection." Doc. Ent. 35 at 30-31. By comparison, Barnhart's December 3, 2013 motion does not contain substantive argument, does not attach an affidavit from Barnhart and does not cite "to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1) ("Supporting Factual Positions."); *see also* Fed. R. Civ. P. 56(e) ("Failing to Properly Support or Address a Fact."). Thus, the Court is not poised to conduct a similar analysis.

In the absence of a properly supported dispositive motion which addresses plaintiff's

8

claims against Barnhart as set forth in the August 22, 2013 amended complaint (Doc. Ent. 59), the Court should conclude that defendant Barnhart has not illustrated plaintiff's "failure to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), and has not shown that "there is no genuine dispute as to any material fact and [Barnhart] is entitled to judgment as a matter of law[,]" Fed. R. Civ. P. 56(a).

**G.     The Court should enter another order requiring the MDOC to provide certain information and directing the U.S. Marshal to attempt service upon defendant Mass.**

On August 22, 2013, along with the filing of the amended complaint (Doc. Ent. 59), the Court entered an order (Doc. Ent. 58) granting plaintiff's April 30, 2013 motion to amend (Doc. Ent. 56) and directing service upon defendants Barnhart and Mass.

On September 27, 2013, Judge Tarnow entered an order (Doc. Ent. 60) directing service without prepayment of costs and directing the MDOC to provide certain information regarding defendant Mass.

On October 1, 2013, the U.S. Marshal acknowledged receipt of documents for service of process upon Barnhart only.  Doc. Ent. 61.  The U.S. Marshal sent a waiver to Barnhart on October 22, 2013; on or about November 12, 2013, defendant Barnhart returned an executed waiver of service.  *See* Doc. Entries 62 and 66.

For whatever reason, Mass has yet to appear.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: February 27, 2014                    s/Paul J. Komives
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2014.

                                           s/ Kay Doaks
                                           Case Manager