UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

    Plaintiff,

                        CASE NO. 2:10-CV-12114
                        JUDGE ARTHUR J. TARNOW
                        MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PATRICIA BARNHART and
PAULA MASS,

    Defendants.
_____/

**ORDER (1) GRANTING BARNHART'S MOTION (Doc. Ent. 69) FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT; (2) GRANTING PLAINTIFF'S REQUEST FOR ENLARGEMENT OF TIME (Doc. Ent. 77); (3) DIRECTING THE U.S. MARSHAL TO ATTEMPT SERVICE OF PROCESS UPON MASS; and (4) SETTING THE DEADLINE FOR PLAINTIFF'S RESPONSE TO BARNHART'S DISPOSITIVE MOTION (Doc. Ent. 70)**

**A.    Plaintiff's First Amended Complaint Names Barnhart and Mass as Defendants.**

Plaintiff John Jones (#162751) is currently incarcerated at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF).[1] Jones originally filed this case pro se on May 26, 2010. Doc. Ent. 1.

On August 22, 2013, he filed an amended complaint (Doc. Ent. 59) naming two (2) defendants (Patricia Barnhart and Paula Mass) in their personal capacities.[2] *See* Doc. Ent. 59 at 1, 9. In the statement of facts, plaintiff alleges he is a paraplegic and that, during the week of

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

[2] "[A]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008). Thus, the August 22, 2013 filing of the amended complaint against Barnhart and Mass (*see* Doc. Ent. 59 at 1, 9) terminated TCF Health Care as a defendant.

August 17, 2009, the elevator in his unit (Auburn B) broke down. Later, on October 16, 2009, plaintiff was moved to another unit (Cord A), where the elevator was working properly. In a general sense, plaintiff claims that these circumstances interfered with his treatment for a bladder infection and toothache. Doc. Ent. 59 at 3-4.

Within his statement of claims, plaintiff mentions MDOC Grievance Identifiers TCF-09-10-07010-3b and TCF-09-11-00724–12e. He also mentions the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act (ADA). Among other things, plaintiff asserts that "[d]efendants violated his [c]onstitutional rights and [s]tate and [f]ederal law by denying him access to needed medical and dental services, and by denying him assistance to exit the building in case of a fire during a fire drill." Doc. Ent. 59 at 5-7.

Plaintiff seeks declaratory, compensatory and punitive relief. Doc. Ent. 59 at 8.

**B.      Mass Has Not Appeared.**

In my February 27, 2014 report (Doc. Ent. 68), I recommended that the Court "enter another order requiring the MDOC to provide certain information and directing the U.S. Marshal to attempt service upon defendant Mass." Doc. Ent. 68 at 9.

More than two (2) months later, on May 2, 2014, the Court was informed that the U.S. Marshal's April 22, 2014 attempt to serve Paula Mass at Corizon's Michigan Regional Office was not accepted, because Mass was no longer employed by Corizon. Doc. Ent. 78.

Then, on September 15, 2014, the Court entered an order (Doc. Ent. 81) which, in part, directed the MDOC "to provide to the United States Marshal whatever information is necessary for the Marshals to effect service on Defendant Paula Mass who has yet to appear in this matter."

To date, Mass has not appeared. However, the Court does note plaintiff's November 4,

2014 filing (Doc. Ent. 82), which provides an address for physician's assistant Paula J. Mass at McLaren Greater Lansing Family Medicine.

**C.     The Court has denied defendant Barnhart's December 3, 2013 motion for summary judgment.**

On December 3, 2013, defendant Barnhart filed a motion for summary judgment. Doc. Ent. 63. However, on September 15, 2014, the Court entered an order (Doc. Ent. 81) adopting my report and recommendation (Doc. Ent. 68)[3] and denying defendant Barnhart's motion for summary judgment (Doc. Ent. 63).

**D.     Barnhart has filed a second motion for summary judgment, and there are several other motions pending before this Court.**

*On March 25, 2014, Barnhart filed a second motion for summary judgment. Doc. Ent. 70.* Therein, Barnhart argues (I) "Plaintiff's claims, even if true, do not amount to an Eighth Amendment violation[;]" (II) "[t]here is no individual liability under the American[s] with Disabilities Act;" and (III) "Barnhart is entitled to qualified immunity because Jones has not shown that Barnhart violated any clearly established federal statutory or constitutional right." Doc. Ent. 70 at 10-21.

In addition, there are several other matters pending before this Court:

- *Barnhart's March 25, 2014 motion for leave to file a second motion for summary judgment (Doc. Ent. 69)*, regarding which plaintiff's response was due on May 23, 2014 (Doc. Ent. 75), *plaintiff has filed a May 2, 2014 motion for extension of time to respond*

---

[3]My February 27, 2014 report and recommendation (Doc. Ent. 68) noted that "[a]ny dismissal of defendant Barnhart should be based upon a challenge to plaintiff's August 22, 2013 amended complaint, which superceded the May 26, 2010 original complaint." Doc. Ent. 68 at 6-7. Also, I stated: "Barnhart's December 3, 2013 motion does not contain substantive argument, does not attach an affidavit from Barnhart and does not cite "to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1) ("Supporting Factual Positions."); *see also* Fed. R. Civ. P. 56(e) ("Failing to Properly Support or Address a Fact.")." Doc. Ent. 68 at 8.

*(Doc. Ent. 77)* and plaintiff has filed a June 25, 2014 response (Doc. Ent. 79)

•   *Plaintiff's April 9, 2014 motion to compel discovery (Doc. Ent. 72)* and *Barnhart's April 15, 2014 motion to stay discovery (Doc. Ent. 74)*, regarding which plaintiff's response was due on May 23, 2014 (Doc. Ent. 75) and plaintiff has filed a June 25, 2014 response (Doc. Ent. 79)

•   *Plaintiff's July 8, 2014 motion to appoint counsel (Doc. Ent. 80)*

**E.     Discussion**

**1.**     Barnhart's March 25, 2014 motion for leave cites E.D. Mich. LR 7.1(b)(2) ("A party must obtain leave of court to file more than one motion for summary judgment. For example, a challenge to several counts of a complaint generally must be in a single motion.") and asks for permission to file a second motion for summary judgment. Doc. Ent. 69.

In support of her motion, Barnhart explains: "Barnhart's second motion for summary disposition addresses the merits of Jones' claims as alleged in his August 22, 2013 amended Complaint and, further, include[s] appropriate documentary evidence." Doc. Ent. 69 at 2 ¶ 4.

**2.**     On April 21, 2014, the deadline for plaintiff's response was set for May 23, 2014. Doc. Ent. 75.  On May 2, 2014, plaintiff filed a request for enlargement of time "to file his response to the defendant's Motion to Refile a Second Motion for Summary Judgment." Doc. Ent. 77. Plaintiff sought a forty-five (45) day extension to accommodate his recovery from a surgery.

On June 25, 2014, plaintiff filed a response (Doc. Ent. 79) to defendant's motion for leave to refile a second motion for summary judgment (Doc. Ent. 69) and defendant's motion to stay discovery (Doc. Ent. 74).  Plaintiff requests that these motions be denied. Doc. Ent. 79 at 3-4, 10.

With respect to Barnhart's motion for leave (Doc. Ent. 69), plaintiff argues that defendant has misused E.D. Mich. LR 7.1(b)(2).  *See* Doc. Ent. 79 at 3 ¶ b; Doc. Ent. 79 at 8-9.  In support

of this argument, plaintiff cites *Aljalham v. American S.S. Co.*, 724 F.Supp.2d 729, 731 (E.D. Mich. 2010) (Rosen, C.J.) ("Rule 7.1(b)(2) is primarily concerned with parties attempting to challenge several counts of a single complaint through separate motions.") and *Colton v. Scutt*, Civil Action No. 10–CV–13073, 2012 WL 5383115, 2 (E.D. Mich. Nov. 1, 2012) (Majzoub, M.J.) ("Defendant's failure to raise these arguments or articulate her position in her initial Motion does not justify another bite at the apple."). It is plaintiff's position that Rule 7.1(b)(2) "was not establish[ed] in order to give parties an avenue for do over to their failed attempts at an initial summary [j]udgment." Doc. Ent. 79 at 9.

Alternatively, plaintiff asks "that he be given an opportunity to more fully respon[d] to the arguments presented in Defendant's motion for summary judgment [Doc. Ent. 70]." Doc. Ent. 79 at 4; *see also* Doc. Ent. 79 at 10.[4]

**F.     Order**

Upon consideration, Barnhart's March 25, 2014 motion (Doc. Ent. 69) for leave to file a second motion for summary judgment is GRANTED.

Additionally, plaintiff's May 2, 2014 motion (Doc. Ent. 77) - for an enlargement of time within which to respond to Barnhart's March 25, 2014 motion (Doc. Ent. 69) - is GRANTED. Accordingly, the Court has recognized plaintiff's June 25, 2014 response (Doc. Ent. 79) in its

---

[4]This forty-three (43) page filing consists of a response (Doc. Ent. 79 at 1-4); a brief (Doc. Ent. 79 at 5-10); *Colton v. Scutt*, Civil Action No. 10–CV–13073, 2012 WL 5383115 (E.D. Mich. Nov. 1, 2012) (Majzoub, M.J.) (Doc. Ent. 79 at 11-20); an index of exhibits (Doc. Ent. 79 at 21); the affidavit of John W. Jones (Doc. Ent. 79 at 22-25); the Step I Grievance and Response in TCF-09-11-0724-12e (Doc. Ent. 79 at 26-27, 40-41); materials from MDOC Grievance Identifier TCF-09-10-00701-3b (Doc. Ent. 79 at 28-33); Offender Daily Schedule for October 1, 2009 (Doc. Ent. 79 at 34-35); lab collections (Doc. Ent. 79 at 36-39); and proof of service (Doc. Ent. 79 at 42-43).

determination of Barnhart's March 25, 2014 motion (Doc. Ent. 69).

Moreover, the U.S. Marshal SHALL attempt service of process upon Mass at the address provided by plaintiff on November 4, 2014 (*see* Doc. Ent.82, McLaren Greater Lansing Family Medicine, 2815 South Pennsylvania Ave., Ste. 105, Lansing, Michigan 48910).[5]

A report and recommendation regarding Barnhart's March 25, 2014 motion for summary judgment (Doc. Ent. 70) will issue under separate cover. Plaintiff SHALL file a response to Barnhart's March 25, 2014 motion for summary judgment (Doc. Ent. 70) no later than December 31, 2014. Plaintiff is on notice that any such response should be comprehensive and will supercede plaintiff's June 25, 2014 filing (Doc. Ent. 79). Thus, anything that plaintiff wants the Court to consider in its determination of Barnhart's March 25, 2014 motion for summary judgment (Doc. Ent. 70) should be filed in a single response.

Finally, determinations of the motion to compel (Doc. Ent. 72), the motion to stay (Doc. Ent. 74) and the motion to appoint counsel (Doc. Ent. 80) will issue under separate cover.

---

[5]Plaintiff's November 4, 2014 filing (Doc. Ent. 82) also provides a telephone number (517-975-9830) which, according to www.whitepages.com, is attributable to the address 2316 S Cedar St, Ste 300, Lansing, MI 48910-3100.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: November 25, 2014		s/Paul J. Komives
					PAUL J. KOMIVES
					UNITED STATES MAGISTRATE JUDGE