UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

    Plaintiff,

                     CASE NO. 2:10-CV-12114
                     JUDGE ARTHUR J. TARNOW
                     MAGISTRATE JUDGE ANTHONY P. PATTI

v.

PATRICIA BARNHART and
PAULA MASS,

    Defendants.

    _____/

## ORDER DIRECTING THE U.S. MARSHAL TO ATTEMPT PERSONAL SERVICE UPON DEFENDANT PAULA MASS

**A.    Plaintiff filed his amended complaint against two defendants.**

John Jones (#162751) is currently incarcerated at the MDOC's Thumb Correctional Facility (TCF) in Lapeer, Michigan. Jones initiated this lawsuit on May 26, 2010 against several defendants. DE 1. Plaintiff Jones is proceeding *in forma pauperis* in this lawsuit.[1]

---

[1] On June 17, 2010, Magistrate Judge Whalen entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments (DE 6), as well as an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made (DE 7).

Three (3) years later, on August 22, 2013, Plaintiff Jones filed an amended complaint (DE 59) in which he named only two (2) defendants: Patricia Barnhart, a former TCF Warden, and Paula Mass, a former Physician Assistant at TCF.

**B.     The U.S. Marshal has effected service upon Defendant Barnhart; however, defendant Paula Mass has yet to appear.**

"When a litigant proceeds *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915 require the district court to order that service be made on the plaintiff's behalf." *Williams v. Lindamood*, 526 Fed.Appx. 559, 564 (6th Cir. 2013). Fed. R. Civ. P. 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3) ("By a Marshal or Someone Specially Appointed.").

Over the course of this lawsuit, this Court has directed the U.S. Marshal to effect service on several occasions. *See* DE 7, DE 58, DE 60 and DE 83. For example, on the date the amended complaint was filed, Judge Tarnow entered an order (DE 58) which, in part, directed the U.S. Marshal to effect service on Barnhart and Mass. On September 27, 2013, Judge Tarnow entered an order (DE 60) order directing service without prepayment of costs and directing the MDOC to provide certain information as to Paula Mass.

The U.S. Marshal sent a waiver to Barnhart on October 22, 2013. Barnhart executed the waiver on November 12, 2013, and it was filed with the Court on November 26, 2013. DE 62. Thus, Barnhart has appeared.

However, more than one (1) year after the filing of the amended complaint, it seems that Defendant Paula Mass has yet to be served.

**C.  The U.S. Marshal's attempts at service by mail have resulted in the discovery that Defendant Paula J. Mass, P.A., is a former employee of Corizon Health, rather than of the MDOC.**

Attempts to effect service upon Defendant Mass have not been without this Court's effort. For example, in Magistrate Judge Komives's February 27, 2014 report (DE 68), he recommended that the Court enter another order requiring the MDOC to provide certain information and directing the U.S. Marshal to attempt service upon Defendant Mass.

On April 22, 2014, the U.S. Marshal acknowledged receipt of documents for service of process upon Defendant Mass. DE 76. That same day, the U.S. Marshal attempted service of process upon Defendant Mass by mail to Corizon Health at its Michigan Regional Office. DE 78.

By way of an April 29, 2014 letter, Corizon Health informed the Court that Paula Mass was no longer employed by Corizon Health. DE 78 at 1. On September 15, 2014, Judge Tarnow entered an order (DE 81) which, in part,

directed the MDOC to provide to the U.S. Marshal whatever information was necessary for the Marshals to effect service on Defendant Paula Mass.

**D.     Plaintiff himself has supplied the Court with an address at which Defendant Mass may be served.**

On November 4, 2014, Plaintiff himself provided an address of McLaren Greater Lansing Family Medicine, 2815 South Pennsylvania Avenue, Suite 105, Lansing, MI 48910 for Defendant Mass.  DE 82.  On November 25, 2014, Magistrate Judge Komives entered an order (DE 83) which, in part, directed the U.S. Marshal to attempt service of process upon Mass at the address provided by Plaintiff.

Although the ensuing paperwork was mistakenly prepared to effect service upon Mass at TCF (DE 84), it was reissued to attempt service upon Mass at the address provided by Plaintiff (DE 86).  On February 5, 2015, the U.S. Marshal informed my staff that an attempt at service upon Defendant Mass by mail to the South Pennsylvania Avenue address was made on December 18, 2014.

**E.     The Court now directs personal service.**

The reason Defendant Mass has yet to appear seems to be that she has not yet been served.  Fed. R. Civ. P. 4 provides: "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual *personally*;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States.") (emphasis added).

In Michigan, "[p]rocess may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant *personally*; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." M.C.R. 2.105(A) ("Process; Manner of Service") (emphasis added).

Considering the above-discussed and apparently unsuccessful attempts of both this Court and Plaintiff Jones to effect service of this lawsuit upon Defendant

Paula Mass by mail, I conclude that the next course of action should be for the U.S. Marshal to attempt personal service of a summons and the August 22, 2013 amended complaint (DE 59) upon Defendant Paula Mass in accordance with Fed. R. Civ. P. 4(e)(2)(A) & M.C.R. 2.105(a)(1).

If this avenue does not result in service upon Defendant Paula Mass, the Court may resort to entering an order requiring Plaintiff to show cause why unserved Defendant Paula Mass should not be dismissed. *See Rickman v. Tantchou*, No. 11–13079, 2012 WL 3639062, *2 n.1 (E.D. Mich. Aug. 23, 2012) (Cohn, J.) ("The magistrate judge's [chambers] was late[r] notified by the Marshal's office that personal service at that address failed because the address was the headquarters of Corizon Health, and Corizon stated that they will not accept service because Tantchou is not an employee of Corizon. On January 30, 2012, Plaintiff was ordered to show cause why the claims against Tantchou should not be dismissed for failure to serve process.").[2]

**F.     Order**

---

[2]Should that be necessary, the Court will be open to entertaining issues related to service upon Defendant Mass, such as whether there is good cause for the apparent failure to effect service upon Mass within 120 days (*see* Fed. R. Civ. P. 4(m) ("Time Limit for Service.")), whether alternate means of service are appropriate, and whether Corizon Health could or should be asked by way of a non-party subpoena (*see* Fed. R. Civ. P. 45) to disclose Defendant Mass's last known address to the U.S. Marshal under seal.

Accordingly, the U.S. Marshal is DIRECTED to attempt personal service of a summons and the August 22, 2013 amended complaint (DE 59) upon Paula Mass at the address provided by Plaintiff Jones in his November 4, 2014 notice (DE 82): Paula J. Mass, P.A., McLaren Greater Lansing Family Medicine, 2815 South Pennsylvania Avenue, Suite 105, Lansing, MI 48910.

Furthermore, the Clerk of the Court is DIRECTED to: (1) serve a copy of this Order upon Corizon Health at its Michigan Regional Office (6452 Millennium Dr, Ste 100, Lansing, MI 48917) and its Corporate Office (103 Powell Court, Brentwood, TN 37027);[3] and (2) serve a copy of this Order upon the Chapman Law Group (c/o Kimberley A. Koester, Esq. and Ronald W. Chapman, Esq., 40950 Woodward Avenue, Suite 120, Bloomfield Hills, MI 48304), which, according to the records of this Court, is currently representing Corizon Health, Inc. in several other matters now pending in this District.[4]

**IT IS SO ORDERED.**

Dated: February 6, 2015          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

---

[3] *See* www.corizonhealth.com, "Locations."

[4] *See, i.e.*, *Turner v. CMS* (Case No. 2:13-cv-11783-NGE-MJH), *Mitchell v. Badawi* (Case No. 2:14-cv-11346-LPZ-RSW) and *Laporte v. Corizon Health, Inc.* (Case No. 2:14-cv-12231-RHC-MKM).

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2015, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti