UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

      Plaintiff,

v.

PATRICIA BARNHART and
PAULA MASS,

      Defendants.

Case No. 2:10-cv-12114
Hon. Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DE 72) and DENYING IN PART DEFENDANT BARNHART'S MOTION TO STAY DISCOVERY (DE 74)

**A.    The Original Complaint and Previous Motion to Compel**

**1.    Factual Background**

By way of background, Plaintiff John Jones (#162751) represents he was rendered a paraplegic by a May 18, 1984 gunshot wound. DE 1 at 4 ¶ 2, DE 59 at 3. He is currently incarcerated at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF), where he is serving a sentence imposed on July 15, 1991 for a September 18, 1987 offense of first degree murder (Mich. Comp. Laws § 750.316) in Case No. 91-0089-FC (Kalamazoo

1

County).[1]http://www.michigan.gov/correctiopns,

According to Plaintiff, he was transferred to TCF on March 20, 2002. DE 1 at 4, DE 59 at 3. Plaintiff explains that handicapped prisoners at TCF are housed "in the downstairs levels of the two units with elevators to accommodate wheelchair access to the ground floor – the 'B' side of Auburn unit and the 'A' side of Cord unit." DE 59 at 3. Plaintiff was originally placed in Cord A; however, during June 2005, he was moved to Auburn B. DE 1 at 4 ¶ 3; *see also* DE 59 at 3. In September 2005, Plaintiff had an MDOC Special Accommodation Notice for a wheelchair, and this was renewed in October 2008. DE 1 at 47.

The allegations underlying the instant case begin during the week of August 17, 2009, when Plaintiff alleges the Auburn elevator broke down, and continue through October 16, 2009, when Plaintiff alleges he was permitted to move to Cord A. During this time, Plaintiff suffered from a bladder infection, for which he was treated with medication, and a toothache, for which he underwent an extraction on November 23, 2009. *See* DE 1 at 1 at 4-9 ¶¶ 3-26, DE 59 at 3-4, DE 34 at 6, 18-19, 25-29.

---

[1]*See* www.michigan.gov/corrections, "Offender Search."

**2.     Procedural Background**

Jones originally filed this case *pro se* on May 26, 2010 against several defendants, including Barnhart, Burton, Wilson and Rewerts. DE 1. However, Burton, Rewerts and Wilson were terminated as defendants by way of the Court's January 17, 2012 order. DE 41.

On July 12, 2012, Plaintiff filed a motion for discovery (DE 48), whereby he sought information from Assistant Unit Manager Hohn, Nurse Smith, Corrections Officer Gooch, Corrections Officer Delosh, as well as a copy of the log book from the Auburn Unit from August 21, 2009 through October 17, 2009.

Defendants Burton, Wilson and Rewerts filed a response (DE 50), after which Magistrate Judge Komives entered a report (DE 53) which recommended, in part, that the Court "deny plaintiff's July 12, 2012 motion for discovery (Doc. Ent. 48) without prejudice to refiling his request in accordance with Fed. Rules Civ. P. 26-37 if and when defendants Barnhart and TCF Health Care have been served." DE 53 at 10.

On August 22, 2013, the Court entered an order (DE 57) denying the motion (DE 48) without prejudice.

## B. The Amended Complaint and Pending Motions

In the meantime, plaintiff had filed a motion for leave to amend his complaint (DE 56), which the Court granted on August 22, 2013 (DE 58). Plaintiff's August 22, 2013 amended complaint (DE 59) names two (2) defendants (Patricia Barnhart and Paula Mass) in their personal capacities. *See* DE 59 at 1, 9. Defendants Barnhart and Mass have since appeared. *See* DE 62, DE 66, DE 90 & DE 93.

Currently before the Court are several motions, including Defendant Barnhart's March 25, 2014 second motion for summary judgment (DE 70). In her dispositive motion, Defendant Barnhart argues (I) "Plaintiff's claims, even if true, do not amount to an Eighth Amendment violation[;]" (II) "[t]here is no individual liability under the American[s] with Disabilities Act;" and (III) "Barnhart is entitled to qualified immunity because Jones has not shown that Barnhart violated any clearly established federal statutory or constitutional right." DE 70 at 10-21. Plaintiff filed a response to this motion on February 4, 2015. DE 87.

In addition, there are other matters pending before this Court: Plaintiff's April 9, 2014 motion to compel discovery (DE 72) and Barnhart's April 15, 2014 motion to stay discovery (DE 74). Plaintiff's response was due on May 23, 2014 (DE 75), but Plaintiff filed a response on June 25, 2014 (DE 79).

### C. Discussion

### 1. Defendant Barnhart has not filed a response to Plaintiff's discovery motion.

On April 9, 2014, approximately two (2) weeks after Defendant Barnhart filed her pending dispositive motion, Plaintiff Jones filed a motion to compel discovery. Therein, he claims to have submitted a formal discovery request to defense counsel on January 25, 2014,[2] and he lists Fed. R. Civ. P. 31 and Fed. R. Civ. P. 34 discovery requests. DE 72 at 1-3.

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). Thus, any response by Defendant Barnhart to Plaintiff's April 9, 2014 motion to compel discovery (DE 72) was due on or about April 28, 2014. Fed. R. Civ. P. 6(a), 6(d).

To date, defendant Barnhart has not filed a response to Plaintiff's April 9, 2014 motion to compel discovery (DE 72).

---

[2] Plaintiff claims that his January 25, 2014 formal discovery request was submitted pursuant to "Rule 26(3)(iii)." DE 72 at 1. It is not clear to the Court

**2. Defendant Barnhart did not file a timely motion for protective order.**

The Court interprets Plaintiff's April 9, 2014 motion to compel discovery (DE 72) as seeking answers and responses to a discovery request submitted on January 25, 2014. Fed. R. Civ. P. 26(c) permits a party or person from whom discovery is sought to move for a protective order. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1) ("Protective Orders.").

As noted above, the amended complaint in this case was filed on August 22, 2013 (DE 59), and Defendant Barnhart appeared in this case in late November 2013 or early December 2013. *See* DE 62, DE 63. Therefore, Defendant Barnhart had appeared in this case by the time Plaintiff served the discovery requests at issue in this case, which he alleges occurred on January 25, 2014. DE 72 at 1.

If Defendant Barnhart sought to resist such discovery requests, she had the option of filing a timely motion for a protective order. For example, with respect to the Fed. R. Civ. P. 34 request, Defendant Barnhart might have filed a Fed. R. Civ. P. 26(c) motion in lieu of responding or objecting within the window set forth in Fed. R. Civ. P. 34(b)(2) ("Responses and Objections."). Importantly, Defendant

---

which subsection of Rule 26 Plaintiff intended to cite.

Barnhart's April 15, 2014 motion to stay discovery (DE 74) does not take issue with Plaintiff's April 9, 2014 claim that he submitted discovery requests on January 25, 2014. Thus, the Court is left to assume that Defendant Barnhart received the purported January 25, 2014 discovery request but intentionally did not respond.

This Court does not interpret Defendant Barnhart's motion to stay (DE 74) as a motion for a protective order regarding Plaintiff's January 25, 2014 discovery requests, both because it was not filed within the time parameters of Rules 26(c) and 34(b)(2), and because it does not specifically target the substance or reasonableness of those requests.

**3.     Defendant Barnhart's motion to stay discovery does not address the merits of Plaintiff's Jones's discovery requests.**

In her April 15, 2014 motion (DE 74) to stay discovery, Defendant Barnhart limits her motion to an assertion that that the Court should stay discovery because she "has filed a Motion for Summary Judgment [DE 70] which is dispositive of Plaintiff Jones's Complaint and is based, in part, on qualified immunity." DE 74 at 8-10. Within her motion, Defendant Barnhart relies upon Fed. R. Civ. P. 26, such as Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits.") and Fed. R. Civ. P. 26(d) ("Timing and Sequence of Discovery."). *See* DE 74 at 1, 9.

Defendant Barnhart's motion to stay discovery (DE 74) does not address the merits of Plaintiff's discovery requests. While Defendant Barnhart contends that her motion is filed pursuant to Fed. R. Civ. P. 26(b)(2)(C) (DE 74 at 1), she does not address the relevance of the requests as contemplated by Fed. R. Civ. P. 26(b)(1), nor does she specifically object to the discovery requests on the bases that answering or responding to them would be unreasonably cumulative or duplicative, too burdensome or expensive, etc., as contemplated by Fed. R. Civ. P. 26(b)(2)(c).

Instead, the Court notes that the document request is tailored to the period between August 18, 2009 to October 16, 2009,[3] and the five requests posed to Defendant Barnhart are titled as requests for deposition by written questions under Fed. R. Civ. P. 31, yet appear, in reality, to be interrogatories under Fed. R. Civ. P. 33. *See* DE 72 at 1-3. Thus, the discovery sought from Barnhart appears to be modest, straightforward and not terribly burdensome or expensive.

---

[3]In his August 22, 2013 amended complaint, Plaintiff, who claims to be significantly disabled, alleges that the Auburn Unit elevator broke down the week of August 17, 2009 and also that he was permitted to move to Cord Unit on

4. **Defendant Barnhart's motion to stay discovery is based upon her pending motion for summary judgment, which, among other things, raises the defense of qualified immunity.**

The crux of Defendant Barnhart's motion to stay is that she "has a pending Motion for Summary Judgment before the Court." DE 74 at 6-7. Elsewhere, she explains, "Barnhart has filed a potentially dispositive motion. The Court should exercise its discretion and stay further discovery at this time." DE 74 at 10.

The Court acknowledges Defendant Barnhart's reliance upon precedent from the Supreme Court of the United States that discovery should not be allowed until the threshold immunity question is resolved (*see* DE 74 at 8):

> Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment. On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. ***Until this threshold immunity question is resolved, discovery should not be allowed.*** If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained. But again, the defense would turn primarily on objective factors.

---

October 16, 2009. DE 59 at 3-4.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982) (internal footnotes omitted) (emphasis added); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow*, 457 U.S. at 818).[4]

Several years later, in *Crawford-El v. Britton*, 523 U.S. 574 (1998), the Supreme Court considered "whether, at least in cases brought by prisoners, the plaintiff must adduce clear and convincing evidence of improper motive in order to defeat a motion for summary judgment." *Crawford-El*, 523 U.S. at 577-578. Within its discussion of *Harlow*'s reasoning, the Court stated:

> Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. *Harlow* sought to

---

[4]The Court acknowledges Defendant Barnhart's reliance upon *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("if the pleading itself is insufficient the defendant may file a motion to dismiss and upon denial thereof take an immediate appeal. Because *Mitchell[v. Forsyth*, 472 U.S. 511 (1985)] contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (external citation omitted). However, this statement was made with respect to a motion to dismiss. While Defendant Barnhart's pending dispositive motion (DE 70) is brought, in part, pursuant to Fed. R. Civ. P. 12(b)(6)(DE 70 at 1 ¶ 1), in content, Defendant Barnhart argues that she is entitled to summary judgment. *See* DE 70 at 10-12. This interpretation is bolstered by the attachments of affidavits (DE 70-3, DE 70-4, DE 70-5, DE 70-6), as well as the reference to Plaintiff's previously filed medical records (DE 34, DE 70-7). In other words, Defendant Barnhart's March 25, 2014 dispositive motion (DE 70) is not based on the face of the amended complaint (DE 59).

> protect officials from the costs of "broad-reaching" discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*Crawford-El v. Britton*, 523 U.S. at 593 n.14 (internal citations omitted) (citing *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987), *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El*, 523 U.S. at 597-601.

**5. Plaintiff has, effectively, shown that facts are unavailable to him as contemplated by Fed. R. Civ. P. 56(d).**

By way of the Court's April 21, 2014 notice (DE 75), Plaintiff's responses to Defendant Barnhart's motion for leave to file a second motion for summary judgment (DE 69) and Defendant Barnhart's motion to stay discovery (DE 74) were due on May 23, 2014. Plaintiff filed a request for enlargement of time (DE 77) - to respond to Defendant Barnhart's motion for leave (DE 69) - which the Court later granted (DE 83).

On June 25, 2014, Plaintiff filed his combined response (DE 79) to Defendant Barnhart's motions (DE 69, DE 74). Therein, he refers to his aforementioned July 12, 2012 discovery motion (DE 48) and the Court's February 6, 2013 report and recommendation (DE 53), which was adopted by the Court on August 22, 2013 (DE 57). Then, he claims the instant motion to compel discovery (DE 72) "was him refiling his request in accordance with the Magistrate's

11

recommendation." *See* DE 79 at 10.

Ideally, plaintiff would have filed an affidavit or declaration reflecting that he needs time to take discovery in order to properly respond to Defendant Barnhart's motion:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant.").

However, "[w]e construe filings by pro se litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citations omitted); *see also Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). Here, the Court is inclined to construe Plaintiff's unsworn April 9, 2014 motion to compel discovery (DE 72), which lists Plaintiff's Jones's purported Fed. R. Civ. P. 31 and Fed. R. Civ. P. 34 discovery requests, together with Plaintiff's unsworn June 25, 2014 response (*see* DE 79 at 3 ¶ c, DE 79 at 10), as a Fed. R. Civ. P. 56(d) request. *See Farah v. Wellington*, 295 F.App'x 743, 747-748 (6th Cir. 2008) ("Farah's 'motion to dismiss' or, in the alternative, request for an extension of time to conduct discovery and file

a memorandum constitutes a request for relief under Rule 56(f)[;]" "Because qualified immunity is a threshold issue, the district court did not abuse its discretion in limiting the scope of Farah's Rule 56(f) request for additional discovery to information related to the defense.").

Although neither Plaintiff's April 9, 2014 motion to compel discovery (*see* DE 72 at 1-4) nor Plaintiff's June 25, 2014 response (DE 79 at 1-4, 5-10) are signed under penalty of perjury, when read together, these documents notify the Court of Plaintiff's position that he "has not had the opportunity to seek the discovery necessary to give weight to the claims put forth in his civil suit[,]" and "*[i]n order for Plaintiff to fully respond to these and other claims made by Defendant, [d]iscovery must be conducted.*" *See* DE 79 at 10 (emphasis added); *see also Joseph v. City of Dallas*, 277 F.App'x 436, 443-444 (5th Cir. 2008) ("We are not generally inclined to impose a literal interpretation of Rule 56(f) upon pro se litigants. However, at a minimum, a party must show: (1) why he needs additional discovery; and (2) how that discovery would create a fact issue that would defeat summary judgment.") (internal citations omitted)

## 6. The facts Plaintiff seeks to establish go to the issue of "objective reasonableness."

Finally, the Court should consider whether the requested discovery "would create a fact issue that would defeat summary judgment." *Joseph*, 277 F.App'x at

444. If so, then to deny Plaintiff the opportunity to get answers to his discovery requests is akin to asking him to defend against the pending dispositive motion with one hand tied behind his back. If not, then it would be futile for the Court to grant Plaintiff's discovery motion (DE 72) in the face of the pending dispositive motion. In addressing Plaintiff's Fed. R. Civ. P. 56(d) discovery request, the Court is mindful of the Supreme Court's direction that discovery should not be allowed until the issue of qualified immunity is resolved. *Harlow*, 457 U.S. at 818. At least one Court has stated: "Liberal application of rule 56(f) should not be allowed to subvert the goals of *Harlow* and its progeny. Unless parties opposing qualified immunity based summary judgment motions are required to show how discovery will enable them to rebut a defendant's showing of objective reasonableness, summary judgment should be granted." *Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988); *see also Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (quoting *Jones*, 854 F.2d at 1211). Still, as the Supreme Court has acknowledged, "[t]he judge does . . . have discretion to postpone ruling on a defendant's summary judgment motion if the plaintiff needs additional discovery to explore 'facts essential to justify the party's opposition.'" *Crawford-El v. Britton*, 523 U.S. at 599 n.20 (quoting Fed. R. Civ. P. 56(f)).

There are such facts in dispute in this case. As noted above, Defendant Barnhart's pending dispositive motion (DE 70) raises the issue of qualified immunity. Within her March 25, 2014 qualified immunity argument (DE 70 at 19-21), Defendant Barnhart states, "Jones has not shown that Barnhart did anything that was objectively unreasonable; indeed, he can't show that she did *anything* wrong because he never complained to her." DE 70 at 21 (emphasis in original); *see also* DE 70-6 at 3 ¶ 2 (Barnhart Affidavit).

Plaintiff's April 9, 2014 motion to compel, which this Court interprets as seeking answers and responses to a January 25, 2014 discovery request, seeks:

(1) *Pursuant to Fed. R. Civ. P. 34(a)(1)(A), a copy of the Auburn B log book entries between August 18, 2009 and October 16, 2009.* Plaintiff is specifically interested in a copy of "any entry making reference to the elevator being out of service, prisoners in wheelchairs not being allowed to leave the unit except in cases of emergency, and any and all references made to the Plaintiff and his missing of any of his call-outs."

(2) *Pursuant to Fed. R. Civ. P. 31(a), requests for written depositions of Mr. Mark Hohn; Officer P. Gooch; Acting Warden Patricia Barnhart; Claire G. June, RT; and Officer L. Delosh.* The following five questions were posed to Defendant Barnhart:

> Did you instruct housing unit staff not to allow Plaintiff Jones #162751 to leave his housing unit for his health care call-outs[?]
>
> Did you attend the meeting with TCF health care to make alternate plans to provide health care to handicap[ped] prisoners in Auburn unit?

15

> Were you aware that Plaintiff Jones missed two consecutive weeks with regards to his health care lab draw call-outs?
>
> On October 16, 2009 were you present when other inmates had to pull Plaintiff Jones up the stairs so that he could be moved to Cord unit?
>
> Did you order Officer Gooch to have an inmate pull Plaintiff Jones up the stairs on October 16, 2009?

*See* DE 72 at 1-3.

Answers to these questions would assist Plaintiff in rebutting Barnhart's claim that "Jones has not shown that Barnhart did anything that was objectively unreasonable[.]" DE 70 at 21. To be sure, Plaintiff does have the benefit of Defendant Barnhart's March 17, 2014 affidavit (DE 70-6),[5] which is attached to the pending motion for summary judgment (DE 70). However, the five questions posed to Barnhart are not directly answered by her March 17, 2014 affidavit. *See* DE 70-6 at 3 ¶¶ 2-3.[6] In addition, Plaintiff attested - both on June 9, 2014 and on

---

[5]Barnhart's March 17, 2014 affidavit identifies her as the Warden at TCF in Coldwater, Michigan during the times relevant to this case. DE 70-6 at 2 ¶ 2. TCF is located in Lapeer, Michigan. The affidavit later states that she acted in her capacity as the Warden at Florence Crane Correctional Facility, otherwise known as ACF. DE 70-6 at 3 ¶ 4. ACF is located in Coldwater, Michigan.

[6]"I do not recall Plaintiff ever approaching me and complaining about a medical condition or claim that he had missed health care call-outs because of the broken elevator in his unit[,]" and "As warden, I was not directly involved in the health care of prisoners. I had nothing to do with the medical care provided to Plaintiff." DE 70-6 at 3 ¶¶ 2-3.

16

January 14, 2015 - that he spoke with Barnhart on two (2) occasions - on or about October 6, 2009 and October 16, 2009 (*see* DE 79 at 24 ¶ 6, DE 87 at 18 ¶ 6); that Barnhart instructed staff not to allow Plaintiff to leave his unit (DE 79 at 24 ¶ 7, DE 87 at 19 ¶ 7); and that he missed four call-outs - September 4, 2009, September 16, 2009, October 1, 2009 and October 5, 2009 (DE 79 at 25 ¶ 8, DE 87 at 19 ¶ 8). Still, the foregoing five questions are designed to determine whether Barnhart instructed or ordered prison staff to do certain things and to test Barnhart's knowledge about Plaintiff's health care or unit assignment. Answers to these requests arguably relate to the objective reasonableness of Barnhart's actions.[7] This may also be said of the document request, considering the above description of the Auburn B log book entries in which Plaintiff is specifically interested.

Also, resolution of the issue of qualified immunity may involve a mixed question of law and fact. "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or

---

[7]Moreover, answers to these questions might assist Plaintiff in rebutting Barnhart's claim that her actions did not amount to Eighth Amendment deliberate indifference. DE 70 at 12. For example, within her Eighth Amendment analysis (DE 70 at 12-18), Barnhart argues that plaintiff "never complained to any of the former defendants or Barnhart about a medical condition[,]" "never complained to any of the defendants about a toothache[,]" and "never brought either of his alleged medical issues to the attention of any of the defendants, let alone Barnhart, . . . nor does he proffer any evidence that Barnhart ignored requests for medical treatment." DE 70 at 15, 16, & 17.

a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez,* 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). Furthermore, "a district court's denial of qualified immunity [is] a mixed question of law and fact[.]" *Nelson v. Riddle*, 217 F.App'x 456, 460 (6th Cir. 2007). *See also Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 347 (6th Cir. 2001) ("The Defendants in this case have accepted the Plaintiff's facts as true for the present appeal, presenting this Court with a mixed question of law and fact as to whether the Defendants are entitled to qualified immunity as a defense to the Plaintiff's cruel and unusual punishment claim.").

In this case, a disabled prisoner made a simple discovery request, aimed at demonstrating the conditions of his confinement and the knowledge and involvement of his warden with respect to those conditions. It seems patently unfair to deny Plaintiff the opportunity to obtain the evidence he needs to respond to Defendant Barnhart's instant dispositive motion, and the Court is not inclined to countenance that unfairness. Inequity is especially manifest here, where: (1) the January 25, 2014 discovery requests at issue, although submitted after Defendant Barnhart's December 3, 2013 original motion for summary judgment (DE 63), were submitted *two months before* the instant March 25, 2014 summary judgment

18

motion (DE 70); (2) the requests themselves are reasonable and target information which is directly at issue in the dispositive motion; and, (3) Defendant was under obligation to have provided the requested information *one month before* the instant dispositive motion was filed.[8] In sum, the Court concludes that responses and answers to the above document request and the five questions directed to Defendant Barnhart will assist Plaintiff in responding to the qualified immunity argument posed in Defendant Barnhart's pending motion for summary judgment (DE 70).

**D.  Order**

Upon consideration, Plaintiff's April 9, 2014 motion to compel discovery (DE 72) is **GRANTED IN PART**, and Defendant Barnhart's April 15, 2014 motion to stay discovery (DE 74) is **DENIED IN PART** as follows:

> Within fourteen (14) days of the date of this order, Defendant Barnhart SHALL serve upon Plaintiff (1) responses to Plaintiff's January 25, 2014 Fed. R. Civ. P. 34 discovery request and (2) written answers to Plaintiff's five January 25, 2014 Fed. R. Civ. P. 31 discovery requests directed to Barnhart.
>
> The Court construes Plaintiff's five January 25, 2014 Fed. R. Civ. P. 31 discovery requests as interrogatories under Fed. R. Civ. P. 33.

---

[8] To be clear, Defendant Barnhart's initial, December 3, 2013 motion for summary judgment (DE 63) was still pending in February 2014, when her answers to Plaintiff's January 2014 discovery requests were due. However, as noted above, Defendant Barnhart did not file a timely motion for protective order. Nor did Defendant Barnhart then file a motion to stay discovery.

Defendant Barnhart SHALL answer them as interrogatories, under oath.

If Plaintiff seeks discovery from non-parties Mark Hohn, P. Gooch, Claire G. June and/or L. Delosh, Plaintiff may wish to do so in accordance with Fed. R. Civ. P. 31 ("Depositions by Written Questions") and/or Fed. R. Civ. P. 45 ("Subpoena"). However, because these individuals are not currently before the Court, the Court cannot direct the Michigan Department of Attorney General to act on behalf of these non-parties.

Discovery is stayed in all other respects.

**IT IS SO ORDERED.**

/s/Anthony P. Patti
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Acting Case Manager, in the absence of Michael Williams