UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES (#162751),

        Plaintiff,

                        CASE NO. 2:10-CV-12114
                        JUDGE ARTHUR J. TARNOW
                        MAGISTRATE JUDGE ANTHONY P. PATTI

    v.

PATRICIA BARNHART and
PAULA MASS,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT
BARNHART'S MARCH 25, 2014 SECOND MOTION FOR SUMMARY
JUDGMENT (DE 70)**

I.   **RECOMMENDATION:** The Court should deny defendant Barnhart's

March 25, 2014 second motion for summary judgment (DE 70) without prejudice

to renewal after the production of discovery ordered by this Court on February 27,

2015 (DE 94) takes place.

II.   **REPORT:**

A.   **Plaintiff filed an amended complaint naming two (2) defendants on
August 22, 2013.**

Plaintiff John Jones (#162751) is currently incarcerated at the Michigan

Department of Corrections (MDOC) Thumb Correctional Facility (TCF).[1]   Plaintiff
Jones originally filed this case on May 26, 2010 against several defendants.   DE 1.

      Plaintiff Jones's August 22, 2013 amended complaint (DE 59) names two (2)
defendants:   Patricia Barnhart, TCF's Warden at the time of the events in question,
and Paula Mass, a TCF Physician Assistant at the time of the events in question.
DE 59 at 1, 9.   Each of the two defendants has appeared.   DE 62, DE 66, DE 90 and
DE 93.

**B.    Now before the Court is Defendant Barnhart's March 25, 2014 second
motion for summary judgment.**

      Defendant Barnhart filed her initial motion for summary judgment on
December 3, 2013 (DE 63), and Magistrate Judge Komives entered a related report
and recommendation on February 27, 2014 (DE 68).   On September 15, 2014,
Judge Tarnow entered an order (DE 81) adopting the report and recommendation
and denying the motion for summary judgment.

      On March 25, 2014 - between the time Magistrate Judge Komives entered his
report and recommendation (DE 68) and the time Judge Tarnow entered his ruling
(DE 81) - Defendant Barnhart filed both a motion for leave to file a second motion
for summary judgment (DE 69) and a second motion for summary judgment (DE
70).

---

[1]*See* www.michigan.gov/corrections, "Offender Search."

2

Plaintiff filed a motion to compel discovery on April 9, 2014.   DE 72.   On April 15, 2014, Defendant Barnhart filed a motion to stay discovery.   DE 74.   On June 25, 2014, Plaintiff filed a response (DE 79) to Defendant Barnhart's motion for leave to file a second motion for summary judgment (DE 69) and Defendant Barnhart's motion to stay discovery (DE 74).

On November 25, 2014, the Court entered an order (DE 83) which, in part, granted Barnhart's motion for leave (DE 69) and set the deadline for Plaintiff's response to Barnhart's dispositive motion (DE 70) for December 31, 2014. Plaintiff responded to the dispositive motion on February 4, 2015.   DE 87.

Approximately three (3) weeks later, on February 27, 2015, this Court entered an order (DE 94) granting in part Plaintiff's motion to compel discovery (DE 72) and denying in part Defendant Barnhart's motion to stay discovery (DE 74).

**C.   The Court should deny Defendant Barnhart's March 25, 2014 second motion for summary judgment without prejudice in light of this Court's February 27, 2015 order.**

This Court's February 27, 2015 order compelling discovery construed Plaintiff's motion to compel discovery (DE 72), together with Plaintiff's response (DE 79) to Defendant Barnhart's dispositive motion (DE 70), as a Rule 56(d) request.   DE 94 at 12.   Furthermore, the Court's order concluded that the facts Plaintiff seeks to establish through his long-standing discovery requests go to the

3

issue of "objective reasonableness," and that this information could assist Plaintiff in responding to the qualified immunity argument which is advanced in Defendant Barnhart's summary judgment motion.    DE 94 at 13-19; *see also* DE 70 at 19-21.[2] In so doing, the Court noted that requiring Plaintiff to defend against the pending dispositive motion without the requested information would put Plaintiff in the unenviable position of having to respond to a dispositive motion on a mixed question of fact and law "with one hand tied behind his back[,]" and was, therefore, patently unfair.    DE 94 at 14, 17-18.    Accordingly, the Court ordered Defendant Barnhart to produce certain discovery to Plaintiff within fourteen (14) days.    *See* DE 94 at 19-20.

Therefore, at this time, the Court should deny Defendant Barnhart's March 20, 2014 second motion for summary judgment (DE 70) without prejudice to renewal after production of such discovery takes place.    If the Court accepts this recommendation, and if Defendant Barnhart files a third motion for summary judgment after the discovery has been produced, then the undersigned (assuming referral of the motion to me) would issue an order setting an appropriate briefing schedule.

---

2 The order also noted that answers to Plaintiff's five questions posed to Defendant Barnhart might assist Plaintiff in rebutting Defendant Barnhart's Eighth Amendment argument.    DE 94 at 17 n.7; *see also* DE 70 at 12-18.

4

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).   Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*   Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).   The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

5

Objection No. 2," *etc.*   If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: March 3, 2015                          s/Anthony P. Patti
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record
on March 3, 2015, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti