UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES,

        Plaintiff,                    Case No. 2:10-cv-12114
                                      District Judge Arthur J. Tarnow
v.                                 Magistrate Judge Anthony P. Patti

PATRICIA BARNHARDT,
*et al.*,

        Defendants.
_____/

## ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN ATTORNEY (DE 103)

On September 16, 2015, Plaintiff filed a document titled "Notice to the Court," in which he outlines several impediments he has encountered in pursuing this case. (DE 103.) Most importantly, he indicates that he will no longer be assisted by a legal writer and notes that this will render him "physically unable to file" documents himself due to a physical disability and asks the Court to reconsider his requests that he be granted appointment of counsel in this matter. To support his position, he provides a May 1, 2015 memorandum indicating that he is no longer entitled to the assistance of a legal writer and a March 20, 2003 memorandum outlining his spinal cord injury, which limits the use of his hands. (DE 103 at 4-5.) Defendants have not responded to the instant motion.

Plaintiff has filed four previous motions for the appointment of counsel (DE 3, 10, 39, and 80), all of which were denied without prejudice (DE 21, 45, and 88). Since that time, Plaintiff has survived two motions for summary judgment filed by Defendant Barnhardt. Plaintiff's relative success in dispositive motion practice thus far, along with his physical impairment and lack of access to a legal writer, persuades me that appointment of counsel in this instance would be appropriate.[1] Accordingly, his request for appointment of counsel is **CONDITIONALLY GRANTED**. This case will be referred to the Court's *pro bono* administrator. If an attorney is found who will agree to represent Plaintiff in this case, an order of appointment will be entered.

**IT IS SO ORDERED.**

Dated: October 15, 2015             s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff styles his request as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings IFP are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

2

I hereby certify that a copy of this document was sent to parties of record on October 15, 2015, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti