UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES,

      Plaintiff,                          Case No. 2:10-cv-12114
                                                   Judge Arthur Tarnow
v.                                                       Magistrate Judge Anthony P. Patti

PATRICIA BARNHART and
PAULA MASS

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DE 137)**

Pending is Plaintiff's motion for reconsideration of the Court's October 2015 order vacating a prior show cause order (DE 105). (DE 137.) For the following reasons, the motion to reconsider is **DENIED**.

On August 28, 2015, the Court issued an order requiring Defendant Patricia Barnhart to show cause why she should not be sanctioned for failing to comply with a February 2105 order granting in part then-*pro se* Plaintiff's motion to compel. (DE 102.) Following the usual course for a show cause order, the order did not permit Plaintiff to file a reply; instead it only permitted him to renew his request for imposition of sanctions after Barnhart filed a show cause response. (*Id.* at 2-3.) Defendant Barnhart filed a response to the show cause order in September 2015, asserting that any failure to comply with the Court's February 2015 order

had been inadvertent. (DE 104.) Thus, on October 9, 2015, I issued an order vacating the show cause order. (DE 105.) In May 2016, I appointed Daniel Manville to represent Plaintiff. (DE 118.)

Slightly over nine months after being appointed as Plaintiff's counsel, and with no explanation whatsoever for the lengthy delay, Attorney Manville filed the pending motion on behalf of Plaintiff asking me to reconsider my October 9, 2015 order vacating the prior show cause order. (DE 137.) The crux of the motion is an assertion that a logbook the Court ordered produced in discovery in February 2015 was destroyed in April 2015. (*Id.* at 1.) Plaintiff asserts he intends to file a Rule 37 motion based upon the destruction of the logbook. (*Id.* at 2.) Plaintiff also laments the fact that I entered an order vacating the show cause order without first allowing Plaintiff to respond thereto. (*Id.* at 3, 5.)

LR 7.1(h)(1) directs that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." The motion to reconsider at hand was filed approximately sixteen *months* after the order in question, not fourteen *days*. Counsel was not representing Plaintiff in October 2015 when the order in question was issued, but counsel has been in the case since May 2016 and has not sought reconsideration during that approximate nine-month period. The silence is curious because attached to the motion to reconsider is a September 25, 2015 discovery response to Plaintiff from Barnhart's then-counsel

2

stating that the logbook "was disposed of in April 2015 . . . ." (DE 137-2 at 2.) Moreover, counsel offers **_no_** explanation for the delay, which is rendered even more egregious by the fact that this case has been pending since May 2010.

In an attempt to navigate around the plain language of LR 7.1, Plaintiff relies upon the Court's inherent discretion under Fed. R. Civ. P. 54(b) to reconsider at any time prior to final judgment an order that does not resolve all of the issues against all of the parties in an action. *See, e.g., Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. This authority allows district courts to afford such relief from [interlocutory orders] as justice requires.") (quotation marks and citations omitted). However, even assuming for purposes of argument that Rule 54(b) applies to mere show cause/ evidentiary rulings, Plaintiff has not met his burden to show that there has been an intervening change in the law or the existence of new evidence. *Id.* The Court is unaware of any relevant changes in the law and, to the contrary, Plaintiff was aware of, or at least should have been aware of, the alleged destruction of the logbook since September 2015. Nonetheless, Plaintiff stood mute for about twenty-two months after the logbook was allegedly destroyed, over sixteen months after Defendant informed him via a discovery response that the logbook had been

destroyed, nearly sixteen months after the order vacating the prior show cause order was issued and about nine months after Mr. Manville was appointed.

Finally, Plaintiff also has not shown the need to correct a clear error or prevent a manifest injustice. *Id.* Over and above the fact that he simply waited way too long to seek relief (which undermines greatly the allegedly imperative nature of the motion to reconsider), Plaintiff has indicated he intends to seek relief under Rule 37 for the alleged destruction of evidence. Consequently, Plaintiff is not without a potential avenue of recourse regarding the alleged destruction of the logbook. Therefore, for all of the foregoing reasons, the motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 9, 2017  s/ Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 9, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti