UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES,

       Plaintiff,                        Case No. 2:10-cv-12114
                                          District Judge Arthur J. Tarnow
v.                                       Magistrate Judge Anthony P. Patti

PATRICIA BARNHART, *et al.*,

       Defendants.
_____/

## INTERIM ORDER DENYING IN PART AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S MOTION FOR SANCTIONS (DE 149) AND SETTING A SUPPLEMENTAL BRIEFING SCHEDULE

This matter is before the Court for consideration of Plaintiff's motion for sanctions (DE 149), Defendant Barnhart's response (DE 156), and Plaintiff's reply (DE 165). The basis for Plaintiff's motion is that Defendant Barnhart failed to provide the Auburn B housing unit log book ("log book") as required by this Court's February 27, 2015 order. (DE 94.) Instead, Defendant Barnhart informed Plaintiff that the log book was destroyed in April 2015, in compliance with Michigan Department of Corrections' ("MDOC") normal retention policy, although Defendant Barnhart denies having control over the log book at the time of its destruction, since she ceased to be employed by MDOC long ago. Put another way, Barnhart's former employer destroyed the log book over a month after the

Court issued an order that it be produced to Plaintiff.  Additionally, Plaintiff contends that Defendant Barnhart has failed to answer certain interrogatories in violation of the Court's order.  Plaintiff asserts that these issues entitle him to a finding of liability against Defendant Barnhart, an order that the unanswered interrogatories are deemed admitted, that Defendant Barnhart not be allowed to testify contrary to the log book and interrogatories, an imposition of costs and sanctions, and any other relief that is just and equitable.  Defendant counters that prior counsel at this time ignored the Court's order because he mistakenly thought it was based on an already dismissed case of the same name.  Defendant asserts that the proper avenue for Plaintiff to follow is to seek a spoliation instruction.

    The parties, represented by counsel, appeared before me for a hearing on this matter on April 19, 2017.  For the reasons stated on the record, I took Plaintiff's argument related to the log book under advisement, and asked for supplemental briefing as to what any jury instruction related to spoliation of evidence should say.  Accordingly, **ON OR BEFORE MAY 4, 2017**, the parties shall each file a proposed jury instruction, not to exceed two pages, suggesting what a jury may infer related to the destruction of the log book.  The proposed instruction must be supported with citations to the record.  To the extent the parties intend to rely on depositions that are not already part of the record, they may attach those as exhibits to the proposed jury instruction, but may not use those to support any other

pending motions. The parties may each file a response to the proposed jury instruction, also not to exceed two pages, **ON OR BEFORE MAY 11, 2017**.

As to Plaintiff's argument that Defendant has failed to respond to five of his interrogatories, his motion is **DENIED**. A review of Defendant Barnhart's answers to the interrogatories at issue (DE 156 at 13-15) reveals that her answers are responsive to the questions asked and any previous failure to respond has been cured.

**IT IS SO ORDERED.**


Dated: April 19, 2017              s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 19, 2017, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti