UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JONES,

   Plaintiff,         Case No. 2:10-cv-12114
                District Judge Arthur J. Tarnow
v.               Magistrate Judge Anthony P. Patti

PATRICIA BARNHART, *et al.*,

   Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BARNHART'S ANSWER TO AMENDED COMPLAINT (DE 152)

### I. BACKGROUND

Like an old Beatles' song, the procedural history of this nearly seven year old case has been a "long and winding road." Beatles, THE LONG AND WINDING ROAD (Apple Records 1970). In relevant part, Plaintiff filed his initial complaint on May 26, 2010 and was granted leave to file an amended complaint on August 22, 2013. (DE 59.) On December 3, 2013, Defendant Barnhart—at one time the acting Warden of Thumb Correctional Facility—filed her first motion for summary judgment, incorporating by reference the motion for summary judgment previously filed by the other Defendants in the action, which asserted that Plaintiff failed to state a claim upon which relief can be granted under the Eighth Amendment, improperly asserted individual liability under the Americans with Disabilities Act

("ADA"), and that Defendants were entitled to qualified immunity. (DE 63.) The Court denied the motion on September 15, 2014 because it was filed in response to Plaintiff's initial complaint and not the active pleading. (DE 81.) Defendant Barnhart, with Court approval, filed a second motion for summary judgment on March 25, 2014, asserting the same arguments as her previous motion, which was denied on March 26, 2015. (DE 70 and 97.) She filed her third motion for summary judgment on February 16, 2016, and withdrew the motion on July 26, 2016, following the order of assignment of counsel issued on May 4, 2016, appointing attorney Daniel E. Manville as counsel for Plaintiff. (DE 109, 118, and 122.) Defendant Barnhart filed her fourth motion for summary judgment on February 13, 2017 and it awaits the Court's review. (DE 140.) She argues that the case is barred by the applicable statute of limitations, that Plaintiff failed to exhaust his administrative remedies, that she is entitled to qualified immunity, and that there is no personal liability under the ADA.

On February 17, 2017, Plaintiff filed a request for clerk's entry of default and motion for default judgment, asserting that Defendant Barnhart had failed to file an answer in this matter. (DE 145 and 146.) Later that day, Defendant Barnhart filed an answer and the clerk denied the entry of default. (DE 147 and 151.) Plaintiff withdrew his motion for default judgment on February 18, 2017. (DE 150.)

2

## II. THE INSTANT MOTION AND HEARING

This brings us to the instant motion. Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant Barnhart was required to file an answer within fourteen days after her second motion for summary judgment was denied, making it due on or before April 10, 2015. Because she did not file it until 23 months later, Plaintiff asserts that the answer should be stricken and Defendant should be barred from asserting the affirmative defense of failure to exhaust administrative remedies by motion.[1] Defendant counters that she was not required to file any answer pursuant to the Prisoner Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(g).

The parties, through counsel, came before me for a hearing on this matter on April 19, 2017. For the reasons stated on the record and those that follow, Plaintiff's motion is **DENIED**.

## III. DISCUSSION

Pursuant to Rule 15, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). However, the PLRA provides in relevant part as follows:

---

[1] Plaintiff does not mention Defendant Barnhart's statute of limitations argument in his motion, but presumably he believes that this affirmative defense should also be treated as waived.

3

> **(g) Waiver of reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e (g). In spite of this provision, Plaintiff asserts that Defendant Barnhart was required to file an answer to his amended complaint within 14 days after the Court denied her motion for summary judgment. To support this proposition, he points to *Henricks v. Pickaway Corr. Inst.*, No. 2:08-cv-580, 2016 WL 4705647 (S.D. Ohio Sept. 8, 2016), an unpublished, non-binding case from another district, which holds that a defendant entitled to the protections of § 1997e(g) waives this right by filing a "reply," which that particular judge defined as an "answer, a motion to dismiss, or a motion for summary judgment." *Id.* at *3 (citing *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *3 (W.D. Mich. Dec. 3, 2009)). However, a review of the statute and of the *Lafountain* case reveals no such definition of "reply." The holding in *Lafountain* was based on § 1997e(g)(2) because the Court ordered a reply in that instance and, in its order, indicated that such a reply could be filed by way of answer, motion for summary

judgment, or motion to dismiss. *Lafountain*, 2009 WL 47229933 at *3. The court's order, in that case, was not an analysis of the meaning of "reply" as it is used in §1997e(g)(1), but rather its *own definition* of reply as it pertained to the requirements it set forth for those defendants in that Court's *own case management order*.

Here, the Court has neither ordered that Defendant reply to Plaintiff's amended complaint, nor issued a similar case management order. Further, the Court has not been provided with any binding case law (or even case law from this district) that defines "reply" as anything other than an answer. Rather, upon the Court's own research, this district has described § 1997e(g) as "an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure" and held that, while the statute could be "more exact," "the Court relies on previous Sixth Circuit decisions that construe the term 'reply' to encompass an 'Answer[.]'" *Aaron v. Dyer*, No. 15-cv-11014, 2016 WL 1698399, at *1 (E.D. Mich. Apr. 28, 2016) (Roberts, J.) ; *see also Proctor v. Applegate*, No. 07-12414, 2009 WL 3498813, at *1 (E.D. Mich. Oct. 26, 2009) (Hluchaniuk, M.J.), *report and recommendation adopted*, 2009 WL 4581682 (E.D. Mich. Nov. 30, 2009)(Where the court has not ordered a reply, "defendants in this matter are not obligated to answer the complaint.") (internal quotations omitted); *Smith v. Heyns*, No. 2:12-CV-11373, 2013 WL 1163172, at *16 (E.D. Mich. Jan. 10, 2013)

5

(Komives, M.J.), *report and recommendation adopted*, No. 12-11373, 2013 WL 1155568 (E.D. Mich. Mar. 20, 2013) (Edmunds, J.) ("Thus, where a defendant has failed to respond to a civil rights complaint brought by a prisoner, the Court's sole power is to order the defendant to file a reply."); *Nouri v. Oakland Cty. Jail*, No. 2:10-CV-13700, 2011 WL 2144639, at *3 (E.D. Mich. May 9, 2011) (Michelson, M.J.), *report and recommendation adopted*, No. 10-13700, 2011 WL 2135372 (E.D. Mich. May 31, 2011) (Tarnow, J.) ("As the Supreme Court has explained, pursuant to this provision "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint.'") (quoting *Jones v. Bock,* 549 U.S. 199, 213–14 (2007)). Moreover, applying the *Henricks* definition of reply would render § 1997e(g) a duplication of the Federal Rules of Civil Procedure, only varying from those rules in the extremely rare case where a Defendant in a PLRA case does not file any dispositive motion.

Applying the foregoing, Defendant Barnhart was not required to file an answer, even after her motion for summary judgment was denied. While Plaintiff is correct that the Supreme Court has held that exhaustion of administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199 (2007), Defendant was not required to plead the affirmative defense in an answer that she was not

6

required to file.  In the absence of an answer, it could be asserted by motion or at trialAlthough Defendant Barnhart likely *should* have asserted the defense in an earlier motion, she properly asserted it in the instant motion for summary judgment.  Further, Plaintiff is not prejudiced by the affirmative defense, because "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court."  *Jones*, 549 U.S. at 211.  Additionally, there is no timing requirement in the statute for asserting the defense.  *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("We decline to read a strict timing requirement into the PLRA for prosecution of the affirmative defense of failure to exhaust.").  Finally, the purposes of judicial economy are served by considering the exhaustion and statute of limitations arguments in Defendant Barnhart's motion, rather than at trial.  Accordingly, Plaintiff's motion is **DENIED**.

    **IT IS SO ORDERED.**

Dated: April 26, 2017                                    s/Anthony P. Patti
                                                            Anthony P. Patti
                                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 26, 2017, electronically and/or by U.S. Mail.

                                                            s/Michael Williams
                                                            Case Manager for the
                                                            Honorable Anthony P. Patti