UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. JONES,

       Plaintiff,

v.

PATRICIA BARNHARDT,

       Defendant.
_____/

Case No. 10-12114

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO AMENDED COMPLAINT [170]; ADOPTING REPORT AND RECOMMENDATION [174]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [140]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [141]; OVERRULING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION [175]**

Defendant Barnhart filed a Motion for Summary Judgment on February 13, 2017 [140]. Plaintiff filed a response on March 7, 2017 [161] and Defendant replied on March 21, 2017 [166]. Plaintiff filed a Motion for Summary Judgment on February 13, 2017 [141]. Defendant responded on March 6, 2017 [157]. A hearing was held before the Magistrate Judge on April 19, 2017. The Magistrate issued a Report and Recommendation (R&R) on May 11, 2017 [174], recommending that the Court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's case in its entirety on the bases of failure to exhaust administrative remedies and qualified immunity.

Plaintiff filed an objection on May 14, 2017 [175], stating that their objection was based on the arguments presented in their Appeal of the Order denying Plaintiff's Motion to Strike the Answer and Affirmative Defenses [170] filed on May 2, 2017. Plaintiff concedes that, if the Appeal is not granted the Court should affirm the R&R. Defendant did not file a response to the objection to the Magistrate's Order to Strike or to the objection to the R&R. For the reasons stated below, Plaintiff's objection is **OVERRULED** and the Court **ADOPTS** the R&R, **GRANTING** Defendant's Motion for Summary Judgment [140] and dismissing Plaintiff's case in its entirety on the bases of failure to exhaust administrative remedies and qualified immunity.

1. **PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO AMENDED COMPLAINT [170]**

PROCEDURAL HISTORY

The Magistrate Judge summarized the background of the case as follows:

> In relevant part, Plaintiff filed his initial complaint on May 26, 2010 and was granted leave to file an amended complaint on August 22, 2013. (DE 59.) On December 3, 2013, Defendant Barnhart—at one time the acting Warden of Thumb Correctional Facility—filed her first motion for summary judgment, incorporating by reference the motion for summary judgment previously filed by the other Defendants in the action, which asserted that Plaintiff failed to state a claim upon which relief can be granted under the Eighth Amendment, improperly asserted individual liability under the Americans with Disabilities Act ("ADA"), and that Defendants were entitled to qualified immunity. (DE 63.) The Court denied the motion on September 15, 2014 because it was filed in response to Plaintiff's

> initial complaint and not the active pleading. (DE 81.) Defendant
> Barnhart, with Court approval, filed a second motion for summary
> judgment on March 25, 2014, asserting the same arguments as her
> previous motion, which was denied on March 26, 2015. (DE 70 and
> 97.) She filed her third motion for summary judgment on February 16,
> 2016, and withdrew the motion on July 26, 2016, following the order
> of assignment of counsel issued on May 4, 2016, appointing attorney
> Daniel E. Manville as counsel for Plaintiff. (DE 109, 118, and 122.)
> Defendant Barnhart filed her fourth motion for summary judgment on
> February 13, 2017 and it awaits the Court's review. (DE 140.) She
> argues that the case is barred by the applicable statute of limitations,
> that Plaintiff failed to exhaust his administrative remedies, that she is
> entitled to qualified immunity, and that there is no personal liability
> under the ADA.
>
> On February 17, 2017, Plaintiff filed a request for clerk's entry of
> default and motion for default judgment, asserting that Defendant
> Barnhart had failed to file an answer in this matter. (DE 145 and 146.)
> Later that day, Defendant Barnhart filed an answer and the clerk
> denied the entry of default. (DE 147 and 151.) Plaintiff withdrew his
> motion for default judgment on February 18, 2017. (DE 150.)

[169 at 1-2].

## STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer*, N.C., 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Plaintiff filed a Motion to Strike the Answer to the Amended Complaint and to take as admitted all factual allegations in the amended complaint and brief in support [152] on February 22, 2017. On April 26, 2017, Magistrate Judge Patti entered an Order [169] Denying Plaintiff's Motion to Strike Defendant's Answer to the Amended Complaint. The Magistrate relied on the Prison Litigation Reform Act ("PLRA"), that provides, in relevant part,

> **(g) Waiver of reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g). The Magistrate interpreted "reply" in this section to refer to an answer. Therefore, since the Court had not ordered Defendant Barnhart to reply, Barnhart was not required to file an answer, i.e. her reply.

Plaintiff objects to Magistrate's Order on the basis of the interpretation of the term "reply" in 42 U.S.C. §1997e(g), arguing that the term "reply" should be found to include an answer, a motion to dismiss, or a motion for summary judgment, per legislative history of the PLRA, the common legal interpretation of the word "reply" and the Federal Rules of Civil Procedure. Thus, Plaintiff argues that, once Defendant Barnhart filed either an answer, a motion to dismiss or a motion for summary judgment, the waiver provision in the PLRA became null and void, and that Fed. R. Civ. P. 15 became applicable. He therefore asks the Court to sustain his objection and strike Defendant's answer and affirmative defenses as untimely.

Plaintiff first argues that, because the Magistrate did not mention or consider the legislative history in terms of what "reply" means, the plain language of the statute controls. Because Congress did not employ the term "answer," but rather used "reply," Plaintiff argues that the term cannot be deemed to be narrowly construed as per the Magistrate's Order. *United States v. Johnson*, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute, it does no follow that courts have authority to create others. The proper inference…is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth."). Plaintiff looks to the statutory language of §1997e(g), usage of the term

"reply" in law, and the Federal Rules of Civil Procedure to argue that the Magistrate's narrow interpretation of "reply" is incorrect.

Plaintiff argues that the term "reply" cannot possibly mean only answer given the plain language of §1997e(g)(2). This section allows a court to "require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." Plaintiff argues that if "reply" is interpreted as only encompassing an answer, then, if a Judge orders a "reply" under §1997e(g)(2), the Defendant will lose the right to file a Motion to Dismiss under Fed. R. Civ. P. 12(b). *Santander Consumer USA Inc v Superior Pontiac Buick GMC, Inc,* No. 10-13181, 2012 WL 2116060, at *1 (E.D.Mich. June 11, 2012) ("Once a party has filed an answer to a complaint, it can no longer file a timely motion to dismiss under Rule 12(b)(6)."). Plaintiff also argues that "reply" cannot logically be interpreted to mean "answer," since nothing in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Michigan supports this interpretation. Finally, Plaintiff argues that legal dictionary definitions do not support limited the meaning of the word "reply" to an answer.

First, it is incorrect to argue that the Magistrate's interpretation of the term "reply" would cause a situation where an order under §1997e(g)(2) would prevent Defendant from filing a Motion to Dismiss. When a Judge orders a "reply" under §1997e(g)(2), the Order can and does specifically order the Defendant what they

should file, rather than generically calling for a reply only. *See Lafountain v. Martin*, No. 1:07-CV-76, 2009 WL 4729933, at *3 (W.D. Mich. Dec. 3, 2009) (Court ordered Defendant to "file a motion raising only the issue of exhaustion *or* file an answer, motion to dismiss, or a motion for summary judgment"). Therefore, this basis of argument is not persuasive.

Further, Plaintiff's argument is simply not logical under the reasoning behind §1997e(g). This District has interpreted §1997e(g) as "'an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure' and held that, while the statute could be 'more exact,' 'the Court relies on previous Sixth Circuit decisions that construe the term 'reply' to encompass an 'Answer[.]'" *Robinson v. Tansel*, No. 2:16-CV-10135, 2017 WL 1963904, at *3 (E.D. Mich. Apr. 26, 2017*), report and recommendation adopted sub nom.*, No. 2:16-CV-10135, 2017 WL 1954533 (E.D. Mich. May 11, 2017) (*citing Aaron v. Dyer*, No. 15-cv-11014, 2016 WL 1698399, at *1 (E.D. Mich. Apr. 28, 2016) (Roberts, J.). If the Court adopted Plaintiff's interpretation of the exception, then §1997e(g) would only create an exception to the standard rules of civil pleading if the Defendants never filed *any* dispositive motions. When considering this provision, courts have brought up this argument from the Magistrate's Order as a basis for how to interpret §1997e(g), and Plaintiff does not address this point at all in his objection. *See e.g. Robinson,* 2:16-CV-10135, 2017 WL 1963904, at *3. The Court agrees

with the Magistrate. It would be illogical to adopt Plaintiff's interpretation of the word "reply" since it would create a very narrow exception to the standard rules of pleading that would disappear as soon as any dispositive motion was filed with the court. Such an interpretation would be counter to the purpose of the PLRA as described above.

Plaintiff tries to distinguish the cases relied upon by the Magistrate, arguing that the applicable precedent does not support the finding at issue. However, Plaintiff admits that this is a case of first impression, and therefore cannot present any precedent to support her argument. Therefore, the fact that the cases cited do not explicitly stand for the proposition that a rely is an answer, is not surprising.

Plaintiff states that the controlling case resolving this issue is *Henricks v Pickaway Corr Inst*, No. 2:08-CV-580, 2016 WL 4705647, at *1 (S.D.Ohio Sept. 8, 2016). In that case, the Court relied on *Lafountain v. Martin*, No. 1:07-CV-76, 2009 WL 4729933, at *3 (W.D. Mich. Dec. 3, 2009), to find that "[a] reply under section 1997e(g) constitutes an answer, a motion to dismiss, or a motion for summary judgment." However, as the Magistrate pointed out, that case did not concern the definition of reply under §1997e(g)(1), but rather addressed a Court Order for case management under §1997e(g)(2), where the Defendant was directed either to "file a motion raising only the issue of exhaustion *or* file an answer, motion to dismiss, or a motion for summary judgment."

Further, in that case, the Defendant had already filed a Motion raising exhaustion, which was granted, appealed and vacated. In that opinion, the Court explained that typically the Defendant would be ordered to "file an answer to the complaint after the action was remanded and before a case management order issue[d]" but in this case, given the provisions of §1997e(g), "Defendant Martin had no obligation to file an answer to the complaint." *Lafountain*, 2009 WL 4729933 at *5. The decision in *Lafountain* does not support a decision that an reply constitutes a motion for summary judgment, motion to dismiss or answer, but rather appears to support the Magistrate's Order that a reply encompasses an answer only, and that the filing of a dispositive motion does not result in a waiver of the right to reply. Therefore, the non-binding decision in the *Henricks* case is not persuasive.

The Court is not persuaded that the Magistrate's order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Because the PLRA was written to create exceptions to the ordinary pleading requirements, Plaintiff has not shown why the term "reply" should be construed to encompass, not only an answer, but also a dispositive motion, since that would effectively mirror the traditional pleading requirements unless a Defendant never filed any dispositive motion.

## 2. REPORT AND RECOMMENDATION [174]

The Magistrate Judge issued an R&R on May 11, 2017 [174], recommending that Defendant's Motion for Summary Judgment be granted and that the Court dismiss Plaintiff's case in its entirety on the bases of failure to exhaust administrative remedies and qualified immunity.

Plaintiff filed an objection to the R&R on May 14, 2017 [175]. Defendant did not file a response. Plaintiff's objection rests solely on the arguments made in the objection to the Magistrate Order to Strike. Plaintiff argues that if the Court adopts the Appeal of the Magistrate Order than the affirmative defenses of failure to exhaust and qualified immunity were waived when the Defendant failed to file a timely answer and affirmative defenses. Plaintiff concedes that if the Court overrules the objection to Magistrate Order denying Plaintiff's Motion to Strike, than the Court should adopt the Magistrate's R&R.

As explained above, the Court overrules Plaintiff's objection to the Order denying Plaintiff's Motion to Strike and therefore Plaintiff's objection to the R&R is overruled as moot. The Court has reviewed the various Motions, responses filed by Defendant and Plaintiff and the Report and Recommendation [174]. The Report and Recommendation is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike Defendant's Answer to Amended Complaint [170] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Magistrate's Report and Recommendation [175] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant Barnhart's Motion for Summary Judgment [140] is **GRANTED** and Plaintiff's Motion for Summary Judgment [141] is **DENIED**.

**IT IS FURTHER ORDERED** that the case is dismissed in its entirety.

**SO ORDERED**.

Dated: June 8, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge